## Hufman's Appeal.

1. By the Acts of April 9th 1849 and April 14th 1851 (Exemption), the debtor or the widow must elect to retain real estate under the Act of 1849; if they neglect to elect, neither can receive the exemption from the proceeds of the sale of the land.

2. The Act of 1849 contemplates setting apart *real estate* for the use of the debtor; and not money arising from its sale.

3. It is only where the return of the appraisers shows that the land cannot be divided that the debtor is permitted to take money.

4. A widow by neglecting to demand an appraisement waives her right to the $300 under the Act of 1851.

5. The Acts of 1849 and 1851 are *in pari materiâ* and are to be construed with reference to each other.

March 8th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Berks county:* Of January Term 1876, No. 221. In the estate of Jonathan Hufman, deceased.

The decedent died in 1873, and administration of his estate was granted on the 18th of March of that year to Margaret Hufman, his widow, and George Hufman. The whole of the personal estate of the decedent was appraised at the sum of $99.25. This the widow in writing claimed should be set apart to her under the Exemption Act of April 14th 1851, § 5, Pamph. L. 613, 1 Br. Purd. 416, pl. 60. The decedent owned also, at the time of his death, a piece of land; and at the time the widow required the personal estate to be set apart to her, she verbally claimed the remainder of the $300 out of the land. There was no appraisement of the land under the provisions of the Act of April 9th 1849, § 2, 1 Br. Purd. 637, pl. 21, nor did the widow ask to have one. The land was subsequently sold by the administrators. They filed their administration account, charging themselves with the proceeds of the real estate, and showing in their hands, after the discharging the expenses of the administration, the sum of $776.50. J. Warren Tyson, Esq., was appointed auditor to report distribution of the balance.

The claimants before him were the widow, for $200.75, the balance of the $300 exemption, and William Hufman, a judgment-creditor, for $860.95.

The widow contended that, inasmuch as the real estate consisted of one tract of land, and incapable of division, it was not necessary for an appraisement to be had, but that she could claim the balance out of the proceeds of the real estate.

William Hufman contended that as there was an appraisement to the widow for a portion of the exemption, and no claim or demand set forth in it for the balance out of the real estate, she could not claim under the distribution.

The auditor was of the opinion that an appraisement should

[Hufman's Appeal.]

have been made of the real estate at the same time when the appraisement of the personal estate was made, or.that the demand for the balance of the $300 should have been inserted in the appraisement made to the widow * * * " and is constrained to decide that the widow of this decedent cannot take as a distributee as against judgment-creditors without an appraisement."

He therefore distributed the balance, $707, in the hands of the administrators, after deducting the expenses of the audit, to William Hufman, the judgment-creditor.

The widow filed exceptions to the report, which were overruled by the Orphans' Court, Hagenman, P. J., and it was decreed that the balance on the· administration account, $707, should go to William Hufman.

Margaret Hufman appealed to the Supreme Court, and assigned the decree for error.

*F. R. Schell* and *J. H. Jacobs*, for appellant.—When the lands of a decedent are incapable of division, the widow's $300 are payable from the proceeds of sale, although demand was not made before the sale: Lehman *v.* Dorety, 8 Phila. R. 623.

*W. P. Baird*, for appellee.—The appraisement is to be the same under the Act of 1849 and under the Act of 1851: Davis's Appeal, 10 Casey 256; Vandevort's Appeal, 7 Wright 462.

If there be no election to · retain real estate or demand an appraisement thereof, it is error to award the debtor his exemption out of the proceeds of sale: Weaver's Appeal, 6 Harris 307; Hammer *v.* Freese, 7 Id. 255.   The demand for an appraisement must be made before inquisition: Bowyer's Appeal, 9 Harris 210. If a demand for an appraisement is made upon the sheriff for an appraisement under the Exemption Law, and he refuses, the debtor can recover from him for such refusal: Marks's Appeal, 10 Casey 36; Compher *v.* Compher, 1 Id. 31.   Claims must be made before sale: Neff's Appeal, 9 Harris 243; Baskin's Appeal, 2 Wright 65; Scott on Intestate Laws 173, 174.

Mr Justice GORDON delivered the opinion of the court, May 8th 1876.

The Act of 14th April 1851 (Br. Purd. 416, Pamph. L. 60) provides, that the widow or children of any decedent may retain either real or personal property belonging to the estate of such decedent to the value of $300, and that it shall be the duty of the executor or administrator,of such decedent to have the said property appraised "in the same manner as provided in the act passed the 9th day of April in the year 1849, entitled, ' An Act to exempt property to the value of $300 from levy and sale on execution and distress for rent.' "   Turning to the act thus re-

ferred to (9th April 1849, Br. Purd. 631, Pamph. L. 22), we find that when the property levied upon consists of real estate of greater value than $300, and the debtor elects to retain the whole or any part of the sum exempted, in real estate, the appraisers are to determine whether it can be divided so as not to injure the whole; if their determination is affirmative, they are then required to set off a quantity in value sufficient to meet his claim, otherwise they are to make return that the property cannot be divided without injury to or spoiling the whole. In the latter event, upon return of the writ, with the proceedings thereon, if the creditor proceeds to sell the property, the debtor may receive from the sheriff, out of the proceeds of sale, so much money as he may be entitled to under the exemption laws. But in order to receive the benefit of this act he must elect to retain real estate under its provisions; if he neglects so to do, he cannot come in upon the money raised by the sale. The act contemplates the setting apart for his use real estate, and not money arising from it, and it is only where, by the action of the appraisers, it is shown that the land cannot be divided, that he may be permitted to take money: Weaver's Appeal, 6 Harris 307. The above doctrine is most emphatically reiterated in Marks's Appeal, 10 Casey 36. In which case it is said by THOMPSON, J.: "The law deals with his demand to have his exemption in land, and he could only take the money in lieu of land, if that amount in value could not be set off to him by the appraisers, without injury to or spoiling the whole." In Nyman's Appeal, 21 P. F. Smith 447, the sheriff had, in his return to the fi. fa., as amended by leave of court, set forth, that "at the time of the levy the defendant demanded the benefit of the law exempting $300 worth of property from levy and sale on execution, and claimed the same out of real estate, which consists of an entire tract, and cannot be divided, and he claimed that amount out of the proceeds when sold." It was held, however, on the authority of Marks's Appeal, that, as there had been no appraisement, the debtor could not come in on the proceeds of the sheriff's sale. So, in like manner, in Davis's Appeal, 10 Casey 256, it was held, *inter alia*, that a widow, by neglecting to demand an appraisement, waived her right entirely to the $300 allowed her by the Act of 1851. In that case, it is said, that that act is to receive a construction similar to that given to the Act of 1849; that the widow's rights, under the statute, are *sub modo* only, that she can obtain the property only in the manner directed by the statute. A similar ruling is found in Neff's Appeal, 9 Harris 243, wherein it is said by LEWIS, J., that the Act of 1851 was intended to give the widow and children what the debtor himself enjoyed in his lifetime under the Act of 1849; that both statutes had relation to the same subject, and differ only in designating the individuals intended to be protected; hence the rule of construction, that

[Hufman's Appeal.]

statutes *in pari materiâ* are to be construed with reference to each other, must prevail in these exemption cases.

Now the facts in the case in hand are, that Mrs. Margaret Hufman, widow of Jonathan Hufman, deceased, and administratrix of his estate, claimed and had set apart to herself, the personal property of said estate, amounting to $99.25, and though, at the time of the appraisement of the personal property, she claimed the balance of the allowance out of the real estate, she neglected to have a proper appraisement thereof made, on the ground, as the auditor has found, that the realty consisted of but one tract of land, which was incapable of division. She now claims to have this deficit made up to her out of the fund produced by the sale of the land, and that as against creditors. Unfortunately for this claim it comes directly within the purview of the cases above cited and their rulings are fatal to it. She has not qualified herself, under the terms of the statute, to partake of this fund.

An appraisement was the *sine qua non* of such qualification, and as that does not appear in any of the proceedings submitted to us, her claim must be treated as unfounded and nugatory.

Decree affirmed.