# Williams's Appeal.

Decedent died March 31st 1877, leaving a divorced wife and three minor children. No claim on behalf of the children for the $300 exemption was made at the time of the sale of decedent's personal property, in May 1877. At that time the children had no guardian, nor was any appointed until October 1877. After his appointment the guardian filed a petition in the Orphans' Court, averring that no demand had been made to set aside the $300, and praying for a citation on the executor to show cause why he should not do so. The Orphans' Court in distributing the funds in the hands of the executor disregarded the claim for the exemption and gave the money to the creditors. *Held*, that this was not error, as the claim was too late.

November 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1878, No. 202.

Appeal of A. S. Williams, guardian of the minor children of F. August Ruckert, deceased, from the decree of the court in the matter of the distribution of the estate of said decedent.

F. August Ruckert, died testate on the 31st day of March 1877, Edward Ruckert being the executor of his last will and testament. The decedent left a divorced wife and three minor children, the oldest being nine years of age. John W. McArthur was appointed guardian of said minors on the 5th of October 1877, but he dying, A. S. Williams was subsequently, on the 10th day of June 1878, appointed their guardian. The executor filed an inventory of the decedent's personal estate on the 12th of May 1877, amounting to the sum of $241.10. The then guardian, McArthur, filed a petition in the Orphans' Court on the 27th of October 1877, praying for a citation to issue to said executor to show cause why he should not have appraised and set apart to the minor children of said decedent the sum of $300, out of the estate, which citation, since the taking of this appeal, has been dismissed. The executor

[Williams's Appeal.]

filed his account on the 3d of June 1878, but neglected to allow the said minors the sum of $300 claimed by them, and also failed to account for certain moneys received by him, as executor, from the St. Antonius of Padua Beneficial Association (of which association the decedent was a member), which moneys the present guardian claimed as belonging to his wards, according to the regulations of said association.

To the account, the said guardian, on behalf of said minors, filed exceptions, among others, the following:

1. The accountant does not charge himself with the sum of $88, paid him as executor by the St. Antonius of Padua Beneficial Association.

2. The said guardian claims for said minor children the sum of $300, for which no allowance is made them in said account; said executor having been notified by the mother of said minor children, before and at the time he disposed of the goods and effects of said decedent, to "keep for the children what the law allowed them."

The first exception was sustained by the court—the executor admitting that he had received certain moneys from the before-mentioned association—and the executor was surcharged with the sum of $86.95, so received by him; but the second exception being dismissed, the balance of the fund, together with the money received from the association, was ordered to be distributed pro rata among the creditors, and the minor children received no share thereof.

From this decree this appeal was taken.

*James H. Porte*, for appellant.—The wife being divorced, the minor children of the decedent should receive the $300 allowed them by the exemption laws. This sum is, and ought to be, preferred to all other claims or debts. If the demand was made in proper time the children can claim the statutory allowance in the executors' account, without any separate appraisement: Soult's Appeal, 1 Norris 153.

By the by-laws of the St. Antonius of Padua Beneficial Association, we find the following printed regulation: "Each member is bound to pay, for the benefit of the widow, or orphan, or legal heirs, * * * the sum of fifty cents," &c.

The executor having received this amount, was in duty bound to pay it to the decedent's minor children, and it was error for the court to decree that it be paid to the creditors of the estate.

*Miller & McBride*, for the executor.—According to the plaintiff's own showing, no demand was made upon the executor to have $300 set apart for the use of the children of the decedent, until the sale of the personal property was in progress. The defendant denied that any demand was made on him until the service of the citation. Even if the plaintiff's testimony is accepted as true, the

[Williams's Appeal.]

demand came too late, as has been repeatedly decided: Neff's Appeal, 9 Harris 243 ; Davis's Appeal, 10 Casey 256.

As to the fund paid to the executor by the Beneficial Association, the executor was a mere stakeholder, and did not charge himself with it in his account filed, because he did not know whether it was an asset of the estate of the decedent or not.

The appellant having asked that his account be surcharged with that item, cannot now change his ground at the costs of the executor. There was evidence in the case justifying the decree of the court below upon the question of demand.

Mr. Justice PAXSON delivered the opinion of the court, November 17th 1879.

It may be that these minor children would have been entitled to the $300 exemption had the claim therefor been made in proper time. The Act of 14th April 1831, Pamph. L. 613, allows it to the widow *or* children of any decedent. If, however, there be a widow the entire amount of $300 must be paid to her, without respect to children: Nivens's Appeal, 11 Wright 230. And the right to the exemption is a personal privilege which she may waive. The privilege is waived entirely if she neglect to demand an appraisement: Davis's Appeal, 10 Casey 256. The demand to have it set apart must be made before sale : Neff's Estate, 9 Harris 243. And before the executor has incurred expenses in proceeding to effect a sale, (Davis's Appeal, *supra*), or the expenses of a full administration: Baskin's Appeal, 2 Wright 65. In the case in hand the minor children had a mother living, but she had been divorced from the decedent, and was not his widow. There was some evidence, but very slight, that she made a claim on behalf of the children at the time of the sale of the personal property. This was in the month of May. At this time the children had no guardian, nor was any appointed until the 27th of the following October. After the guardian was appointed he filed a petition in the Orphans' Court, averring, inter alia, that no demand has been made upon the executor to set aside the $300, and praying for a citation to him to show cause why he should not do so. The Orphans' Court, in making distribution of the funds in the hands of the executor, disregarded the claim for exemption, and gave the money to the creditors. We see no error in this. The claim, under all the authorities, came too late. That the children had no guardian until after the sale, does not help the matter. Their mother was their natural guardian and entitled to look after their interest. The executor was not required to set aside the exempt property until after demand made. However proper it might have been for him to have taken some step in the way of securing the rights of the children, as at least notifying their next friend as to what their rights were, he does not appear to have done so, and we cannot say that his legal duty as executor required it.

[Williams's Appeal.]

We are of opinion, however, that the court below erred in distributing the $86.95 received by the executor from the St. Antonius of Padua Beneficial Association.   By the constitution and by-laws of the association this money was not payable to the executor, but belonged to the children of decedent.   He did not receive it as executor, and it was a mistake to surcharge him with it.   As that has been done, it can be remedied by distributing it to the children.

> The decree is reversed to the extent of the said sum of $86.95, which is ordered to be paid to the appellant; the costs of this appeal to be paid by the appellee out of the estate in his hands remaining after the payment of the sum aforesaid.