## Thomas's Estate.    Good's Appeal.

*Widow's exemption—Real estate—Notice of appraisement.*

If a widow makes a demand for an appraisement of real estate, she may claim her exemption out of the fund arising from the sale of the real estate, although no appraisement has been actually made thereof.

Argued Oct. 11, 1892.   Appeal, No. 160, Oct. T., 1892, by A. Good, a judgment creditor, from decree of O. C. Armstrong Co., June T., 1891, No. 10, confirming account of George H. Jewart, administrator of George Thomas, deceased.   Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Widow's claim of exemption.

From the record it appeared that George Thomas died on Feb. 22, 1890.   The widow gave the following notice to the administrator, signed by her:

"To George H. Jewart, administrator of George Thomas, dec'd:

" You are hereby notified that as the widow of the said George Thomas, dec'd, late of Wayne twp., I, Mary Thomas, claim to have set apart to me the sum of $300, in money or personal goods of the said dec'd, or in case the personal property may not reach that amount, then I desire to have the same set apart or any deficiency thereof from the real estate of said deceased or from the proceeds of the real estate, as I claim the full

amount of the $300 under the laws of this commonwealth, exempting and reserving that amount to the widow of the decedent."

The widow elected to retain goods, appraised at $104.50. The remaining personal property of the decedent was appraised at $134.75. An order of sale for payment of debts was obtained by the administrator and the real estate of decedent was sold for $109. The administration account was filed, in which the accountant allowed the widow, in addition to what she had received by the appraisement, the sum of $141. To the confirmation of this account, A. Good, a judgment creditor, filed exceptions.

The court dismissed the exceptions, filing an opinion which was in part as follows, by RAYBURN, P. J.:

"The exceptants here claim that because there was no appraisement made of the real estate that the widow cannot claim any of the fund arising from the sale, on her exemption, and rely upon the case decided in 81 Pa. 329, Hufman's Appeal, but in that case the widow never made any demand for an appraisement of the real estate, while in the case before us the widow made her demand for an appraisement. Although the case last above cited would seem to hold that an appraisement was necessary before the widow could take her exemption out of the funds arising from the sale, we cannot see, under the facts in this case, that the ruling in Huffman's Appeal applies. Justice WOODWARD, in Nottes's Appeal, 45 Pa. 364 says: ' It is necessary in dealing with the multifarious cases that arise under the widow's law and the exemption law to distinguish carefully between their respective facts.' It is also claimed by exceptants that the widow would have her remedy against the accountant for not appraising and setting apart the land to her. This is correct, but we think that is not her only remedy, since she has made her demand for an appraisement and done what the law requires of her in order to obtain her exemption. She is now entitled to have her money out of the property which the act says she is entitled to receive. The exceptions are therefore dismissed and the account confirmed."

*Errors assigned* were dismissal of exceptions and portion of opinion above, quoting them.

*Orr Buffington,* for appellant, cited Davis's Ap., 34 Pa. 256; Hufman's Ap., 81 Pa. 330; Mark's Ap., 34 Pa. 36; Compher v. Compher, 25 Pa. 31.

*Neale & Painter,* not heard, for appellee, cited Nevin's Ap., 47 Pa. 232; Nottes's Ap., 45 Pa. 361; King's Ap., 84 Pa. 347; Peterman's Ap., 76 Pa. 116; Larrison's Ap., 36 Pa. 130.

PER CURIAM, November 7, 1892:

The decree is affirmed and the appeal dismissed at the costs of the appellant.