## Estate of J. Sloan Gibson.     Appeal of W. D. Patton.

*Widow's exemption—When payable out of real estate in absence of appraisement.*

If a widow, who is neither executrix nor administratrix and has not been guilty of laches, makes a demand for an appraisement of her deceased husband's real estate, before an order of sale for the payment of debts is asked for, she may claim her exemption out of the fund arising from the sale, although no appraisement has been made.

Argued May 14, 1897. Appeal, No. 172, April T., 1897, by W. D. Patton, from decree of O. C. Armstrong Co., Sept. T. 1894, No. 77, confirming administrator's account. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Exceptions to auditor's report.    Before RAYBURN, P. J.

Decedent died in 1894; letters of administration were issued to J. T. Gibson.  No general appraisement list was filed.  On February 25, 1895, the widow elected to take $300 in personal property and there was set aside to her by the appraisers personal property to the amount of $69.68.  In the signing of the formal receipt on the widow's appraisement list by the widow, these words were added: "And hereby claim the right to the balance of $300.00 for myself and family out of the real estate of said decedent."

This widow's appraisement list was not filed until February 13, 1896, and was confirmed absolutely July 6, 1896.  The real estate was sold on April 15, 1896, for the payment of debts, for the sum of $396.50.  The sale was confirmed and the account of the administrator referred to H. L. Golden, Esq., as auditor, for distribution.

The auditor's conclusions of law were as follows:

### CONCLUSIONS OF LAW.

If a widow (who is neither executrix nor administratrix) makes a demand for an appraisement of her deceased husband's real estate before an order of sale for the payment of debts is asked for, she may claim her exemption out of the fund arising from said sale, although no appraisement has been actually made.

In order that the claimants may understand fully the position taken by the auditor, a few words are not out of place. The notice annexed to the receipt of the widow is certainly, when considered in a reasonable manner, a demand for an appraisement of the realty.  No special form of words is necessary and the notice referred to is sufficient to indicate to any trustee that the widow wished the balance of her $300 exemption to be awarded her out of the real estate according to law. The authorities in reference to a widow's claim for her $300 exemption are not free from ambiguity. . . . It certainly has been held that a widow can get her exemption only by demand for it and an appraisement of the real estate.  This is the doctrine of Hufman's Appeal, 81 Pa. 329; Nixon's Appeal, 6 W. N. C. 496, and other cases.  The two cases specially mentioned have reference to a widow who occupies the dual relation of widow and executrix to the estate, where it is her duty both to

demand an appraisment as widow and to have an appraisement made as executrix. Other cases however sustain the same doctrine where the said dual relation does not exist. There are many cases which hold that the widows' exemption act of 1851 and the debtors' exemption act of 1849 are in pari materia and are to be similarly construed—that an appraisement is a sine qua non—that where there has not been an actual appraisement of the real estate, although demand for such has been duly made, the widow (or debtor) cannot come in on a fund realized from the sale of such realty, but must bring an action against the officer refusing to make such an appraisment if she wishes to recover her exemption. The auditor has, however, adopted the ruling of the Supreme Court in Good's Appeal, 152 Pa. 63, which affirmed your honorable court in holding that a widow who makes her demand for her exemption before petition for sale of the realty for the payment of debts can come in on the funds realized from said sale. It is suggested that the price at which the realty is sold determines the question as to whether or not an actual appraisement is necessary—that if the land brings over $300, this indicates that an appraisement was necessary, if under that it was not. The auditor cannot agree with the claimant in this. This would work great uncertainty and in many cases make the judgment creditor who bids at the sale the master of the situation; he could give to or take from the widow, for whose protection the exemption law was enacted, her exemption. The law, as held by the auditor, injures no one. The judgment creditors had it in their power to know whether or not the widow had been paid and also whether or not she had made her claim for her exemption. The widow was living and the records of the court showed her demand at the date of the application to sell for the payment of debts. The rule adopted seems humane and in spirit with the progress of our times—injures no one, for sources of information as to the facts are open to those who wish to bid upon the realty, and is, in the opinion of the auditor, rendered necessary by the decision of the Supreme Court referred to.

In accordance with the foregoing findings the auditor has prepared the following schedule of distribution:

60      GIBSON'S ESTATE.  PATTON'S APPEAL.

Auditor's Report—Opinion of Court below.   [5 Pa. Superior Ct.

SCHEDULE.

| | | |
|---|---:|---:|
| Amount for distribution . . . . . . | | $291.25 |
| Deduct costs of audit, R. S. Slaymaker, | | |
| cert. etc.      . . . . . . | $ 4.00 | |
| Armstrong Democrat and Sentinel, printing | 4.00 | |
| Union Free Press, printing . . . | 4.00 | |
| H. L. Golden, auditor's fee . . . . | 25.00— | 37.00 |
| Balance . . . . . . . . | | $254.25 |
| Deduct amount due Isabella Gibson, widow . | | 230.32 |
| | | $ 23.93 |

To W. D. Patton, plaintiff, in judgment No. 93,
    March term, 1889 (and No. 99, March term, 1894).   $ 23.93

EXCEPTIONS TAKEN TO THE REPORT IN THE COURT BELOW.

1. The auditor erred in finding that "if a widow (who is neither executrix nor administratrix) makes a demand for an appraisement of her deceased husband's real estate, before an order of sale for the payment of debts is asked for, she may claim her execution out of the fund arising from said sale, although no appraisement has been actually made."

2. The auditor erred in not finding that an appraisement of the real estate was a sine qua non to qualify the widow to take the real estate or the funds arising from the sale thereof, in preference to the judgment creditors of the deceased husband.

3. The auditor erred in awarding the sum of $230.32 to Isabella Gibson, the widow, and not awarding it to the judgment of W. D. Patton, No. 93, March term, 1889, v. J. T. Gibson and J. S. Gibson, and to the judgments of Wm. Marshall, for use of Joseph Buffington v. J. T. Gibson, J. Sloan Gibson and Geo. McLaughlin, No. 188, December term, 1889.

The exceptions were dismissed in the following opinion by RAYBURN, P. J.

J. Sloan Gibson died intestate June 23, 1894.  On September 27, 1894, the widow and heirs filed a renunciation of their right to administer upon said estate, and requested that letters of administration be granted J. T. Gibson, which was done the same day.  On the 25th day of February, 1895, an appraisement of the personal estate was made, which amounted to the

sum of sixty-nine dollars and sixty-eight cents ($69.68), and was elected to be retained by the widow. In the receipt given by the widow to the administrator for this property the same day it was appraised, and which receipt is upon the appraisement list, the widow, Isabella Gibson, inserted or had inserted immediately after the words which acknowledge the receipt of said property appraised at $69.68, the words, "And hereby claim the right to the balance of $300.00 for myself and family out of the real estate of said decedent." The appraisement list containing this claim was not filed until February 13, 1896. J. T. Gibson, the administrator, died before the filing of the appraisement, and letters of administration, d. b. n., on said estate were granted to J. T. Jamison on the 5th day of March, 1896. The widow and heirs having again renounced their right and requested his appointment. On March 6, 1896, an order was made by the orphans' court for the sale of the real estate for payment of debts upon the petition of J. T. Jamison, administrator. The sale made pursuant to said order was confirmed absolutely May 15, 1896. The final account of the administrator was filed July 28, 1896, and confirmed absolutely September, 15, 1896, and an auditor appointed September 16, 1896, to make distribution of the funds in the hands of the administrator as shown by his account. The claimants of the fund before the auditor were : Isabella Gibson, the widow, who claimed balance of her exemption, and W. D. Patton, Esq., and Hon. Joseph Buffington, committee, two judgment creditors of J. Sloan Gibson. The auditor in his report allowed the widow's claim to participate in the distribution to the amount of the balance thereof, viz : $230.32. To this conclusion of the auditor the two judgment creditors have excepted alleging error on part of the learned auditor in awarding $230.32 to the widow, Isabella Gibson. The exceptants contend that the auditor erred · in finding that " If a widow (who is neither executrix nor administratrix) makes a demand for an appraisement of her deceased husband's real estate before an order of sale for the payment of debts is asked for, she may claim her exemption out of the fund arising from said sale although no appraisement has been actually made." Also that the auditor erred, " In not finding that an appraisement of the real estate was a sine qua non to qualify the widow to take the real estate or the fund arising from the

sale thereof in preference to the judgment creditors of the deceased husband."

Of these propositions one is virtually the converse of the other, and they can be considered together. And in determining the question before us, viz: The rights of the widow under the exemption act, we take as our fundamental guide the expression of Mr. Justice Woodward in Nottes' Appeal, 45 Pa. 364, wherein he says : " It is necessary in dealing with the multifarious cases that arise under the widows' law and the exemption law to distinguish carefully between their respective facts." In the case before us the widow elected to retain out of the personal property goods to the value of $300; when the personal estate was appraised it amounted to but $69.68, and when receipting for the same to the administrator she demanded in writing, which was embodied in the said receipt, the balance of her exemption out of the real estate. She was not one of the administrators, and consequently had not any say as to the appointment of appraisers. It most certainly was the duty of the administrator of the estate when he received the receipt containing the demand of the widow that she claimed the balance of her exemption from the real estate, and especially so when the personal estate was exhausted, to instruct the appraisers to proceed to appraise the real estate, and if it could so be done without spoiling the value of the whole, to set apart so much of the land as would fully satisfy and complement the deficit of the widow's $300 exemption caused by the want of sufficient personal estate. But not having paid any regard to this demand by having an appraisement made of the real estate and ascertaining whether an amount in value of land could be set apart to satisfy the widow's claim, can the widow now claim the balance of her exemption from the proceeds of the sale ? We think under the circumstances of this case that she can, and that the learned auditor was clearly correct in awarding her out of the sale of the real estate for the payment of debts, the balance of her exemption.

In this case the exceptants, just as was done in Good's Appeal, 152 Pa. 63, rely upon Hufman's Appeal, 81 Pa. 329, in support of their claim, and contended that Good's Appeal, supra, does not apply. That the court below in their opinion in Good's Appeal erroneously stated in commenting on Hufman's Appeal,

that in said appeal the widow did not make a demand for an appraisement of the real estate. A reading of the case as reported clearly shows that the widow did not demand an appraisement of the real estate, vide statement of facts page 329, wherein is found, inter alia, these words: "There was no appraisement of the land under the provisions of the act of April 9, 1849, nor did the widow ask to have one," and in the opinion of Mr. Justice GORDON, page 332, we find this statement: "And though at the time of the appraisement of the personal property, she claimed the balance out of the real estate, she neglected to have a proper appraisement thereof made on the ground as the auditor has found that the realty consisted of but one tract of land which was incapable of division." In Hufman's Appeal, supra, the widow was one of the administrators, and had it within her own power to have the appraisement made, but did not, and from the facts contained in the report of her case she deemed it unnecessary. We are of the opinion that the learned auditor was right in holding that Good's Appeal, supra, governed this case, and in awarding to the widow the balance of her exemption out of the fund he was appointed to distribute.

And now, March 1, 1897, the exceptions are dismissed, the report confirmed, and the money directed to be paid out in accordance with the schedule of distribution thereto attached.

And now, March 1, 1897, cesset ex. for 20 days granted, and it is ordered that money shall not be paid out within that time.

An exception is granted to the overruling of the exceptions of W. D. Patton and the order of court confirming the auditor's report and bill sealed.

*Errors assigned* were (1, 3) in dismissing exceptions, reciting same. (4) In decreeing distribution.

*Ross Reynolds*, for appellant.—To entitle a debtor to the benefit of the exemption law the demand must be made on the writ under which the fund is raised: Shelly's Appeal, 36 Pa. 373.

The learned auditor and the court below erred in finding that a demand of the balance of the $300 by the widow was a demand for an appraisement: Hufman's Appeal, 81 Pa. 329.

*H. N. Snyder*, for appellee.—The failure of the administrator to appraise the real estate is no reason why she should be deprived of that which the law expressly says she shall have: Hildebrand's Appeal, 39 Pa. 133; Good's Appeal, 152 Pa. 63.

OPINION BY RICE, P. J., July 23, 1897:

In Hufman's Appeal, 81 Pa. 329, the widow, at the time of the appraisement of the personal property under her demand for the benefits of the exemption laws, orally claimed the balance out of the real estate, but neglected to have an appraisement thereof made, on the ground, as the auditor found, that the realty consisted of but one tract of land, which was incapable of division. Under these circumstances it was held that an appraisement of the realty was a sine qua non, and hence she was not entitled, as against creditors, to have the deficiency made up to her out of the proceeds of the sale of the land. It was perfectly proper in that case to say that she neglected to have an appraisement made because she was one of the administrators. The neglect was her own. In the present case the widow had no control of the matter. All that she could do was to claim the right to the balance of $300, for herself and family out of the real estate. This claim was in writing and was attached to and filed with the appraisement list long before the order of sale was applied for. It was the administrator's duty to have had an appraisement made, but his neglect or refusal to perform his duty did not deprive her of the benefits of the law. Under the circumstances laches was not to be imputed to the widow: Williams' Est., 141 Pa. 436. Good's Appeal, 152 Pa. 63, rules the case. Upon the authority of that decision as well as for the reasons very fully and clearly set forth in the report of the auditor and the opinion of the presiding judge the court rightly held that if a widow who is neither executrix nor administratrix and has not been guilty of laches makes a demand for an appraisement of her deceased husband's real estate before an order of sale for the payment of debts is asked for, she may claim her exemption out of the fund arising from the sale, although no appraisement has been actually made thereof.

The decree is affirmed and the appeal dismissed at the costs of the appellant.