# H. G. Beetem & Co. v. George H. Getz, Elizabeth Getz, Widow of George H. Getz, Appellant.

*Widow's exemption—Reasonable time for making claim.*

The law fixes no time limit within which the claim for exemption, either under the Act of April 9, 1849, P. L. 533, or the Act of April 14, 1851, P. L. 613 shall be made. It must be made within a reasonable time after the right accrues, but what is a reasonable time must depend upon the circumstances of each particular case.

*Effect of husband's death, subsequent to levy, on a judgment with waiver.*

A debtor's waiver of the right of exemption, a privilege peculiar to himself does not affect the right of his widow or children to retain the property allowed to be set apart to them under the statute nor is their right precluded because property of a deceased husband is levied upon prior to the death of the debtor under a judgment containing a waiver.

The prospective provision in favor of the widow comes into operation and restricts the creditor's remedy so far as to prevent it from interfering with the right granted to her.

*Widow's exemption—When appraisement nonessential.*

Where a widow's exemption is claimed out of real estate levied upon but unsold in husband's lifetime it is not conclusive against her right to claim out of the proceeds ; if the widow makes a proper demand, and does what the law requires of her to obtain her exemption, she may claim it out of the fund arising from the judicial sale of the real estate although no appraisement thereof has been actually made.

*Widow's exemption—Priority of liens.*

While a debtor may not alter the established priority of liens, nor deprive a later creditor of his equity to have senior liens paid out of a fund that they can reach but he cannot, there is no limit to the power of the legislature. The statutory exemption in the widow's favor is regarded as a preferred claim or gift of the law, prompted by considerations of public policy. The intention of the law is to give her claim precedence to

all liens except mortgages and liens for purchase money of the land in question, provided that in making distribution in that manner the established priority of the liens is not disturbed. A widow's exemption cannot be defeated by later liens when she has not by her own act or omission forfeited or waived it.

Argued March 11, 1897. Appeal, No. 20, March T., 1897, by Elizabeth Getz, widow, from decree of C. P. Cumberland Co., May T., 1896, No. 4, discharging rule to pay money into court. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY, and SMITH, JJ. Reversed.

Rule to pay money into court. Before E. W. BIDDLE, P. J.

It appeared from the record that George H. Getz died seized of certain lands. That there were entered as liens of record against the said real estate during the lifetime of decedent a judgment for use of H. G. Beetem for purchase money, $1,200, one in favor of Beetem & Co. for $1,020, with waiver, and one in favor of Elizabeth Getz for $141 in the order as above set out.

That during the lifetime of decedent an execution was issued on the judgment of Beetem & Co., the second lien creditor, and a levy made upon the real estate of defendant; that a short time thereafter decedent died leaving the petitioner as his widow.

That subsequent to his death the real estate levied upon was sold to H. G. Beetem, the first lien creditor, for $1,800. That the said sum is more than sufficient to pay H. G. Beetem, and that there is a balance of the purchase money of $300 or $400 to be applied to other claims upon the fund. That the petitioner made claim to the sheriff for the setting apart and allowance to her of $300 (widow's exemption under the act of 1851) out of the real estate and requested an appraisement of the same; that she requested the sheriff to pay her claim but it has been refused.

The petition concluded with a prayer for an order to pay the money into the court and the appointment of an auditor to distribute the fund. The rule having been granted an answer of H. G. Beetem & Co. was filed setting out, inter alia, that the notice to the sheriff was too late, the real estate being sold at the time.

The widow's claim to the sheriff is dated April 23, 1896, and

the property was advertised for sale on April 20, 1896, and it was contended that the widow is not entitled to any of said fund for the reason that she is too late, her claim having been made after the real estate was condemned and advertised for sale. That the first judgment of H. G. Beetem, being for purchase money would absorb the claim of petitioner, and that the second judgment, that of H. G. Beetem & Co. requires the said first purchase money judgment to absorb the exemption, as being a lien upon the two funds, as it were, to the preference of the judgment of your respondent.

On July 20, 1896, the rule was discharged, whereupon Elizabeth Getz, the widow, appealed.

*Error assigned* was in discharging the rule.

*Joseph S. Shapley* and *H. S. Stuart*, for appellant.—Relied upon Peebles' Appeal, 157 Pa. 605.

*J. W. Wetzel*, for appellee.—The right of the widow to the benefit of the act of April 14, 1851, does not vest at the death of her husband, but only when she has elected to exercise her right. She may waive or relinquish it: Kerns' Appeal, 120 Pa. 523.

It has been expressly decided that the acts of 1849 and 1851, relating to exemption are in pari materia, and must be construed alike, and the same principles apply: Hufman's Appeal, 81 Pa. 329.

This being real estate, her claim would be too late. It should be made before inquisition, or waiver of it: Miller's Appeal, 16 Pa. 300; Brant's Appeal, 20 Pa. 141; and before expense of advertisement is incurred: Bowyer's Appeal, 21 Pa. 210; Kensel v. Kern, 4 Phila. 86.

After an administrator has incurred expense in obtaining order of sale, and perhaps in advertising, it is too late for widow: Davis's Appeal, 34 Pa. 256; Hufman's Appeal, 81 Pa. 329.

The method of raising the widow's claim is novel. No precedent or reason is advanced to show how the widow by simple notice to the sheriff, and rule to show cause, could fix her right to her exemption.

OPINION BY RICE, P. J., July 23, 1897:

In order to have a correct understanding of the legal ques-
tions raised on this appeal, it will be necessary to state, in their
chronological order, certain material and undisputed facts.

George H. Getz was the owner of a lot of land incumbered
by liens entered in the following order: (1) a purchase money
judgment for $800 owned by H. G. Beetem; (2) a judgment
in favor of H. G. Beetem & Co. for $1,020 ; (3) a judgment in
favor of Elizabeth Getz for $141.20. In the last two judgments
the benefit of the exemption laws was waived by the debtor.
A fi. fa. was issued on the second judgment, by virtue of which
the land was levied upon and condemned. A vend. ex. followed,
after which the defendant, George H. Getz, died intestate—we
cannot ascertain from the paper-books the dates either of his
death or of the issuing of this writ. On April 20, 1896, the
sheriff advertised the property for sale, and on April 23, Eliza-
beth, widow of George H. Getz, gave the sheriff notice of a
claim for the allowance to her of $300 out of the real estate, and
demanded an appraisement. (It is stated in the opinion of the
court below that the widow has received all of the personal
property of the estate appraised at $57.76 on account of her
claim for the $300 exemption.) The sheriff disregarded this
request, and on May 9, 1896, sold the property to H. G. Beetem,
the first lien creditor, for the sum of $1,800. Upon the petition
of the widow the court of common pleas granted a rule to show
cause why an order should not be made directing the sheriff to
pay into court the whole amount of the purchase money, or such
amount as the court might think sufficient to satisfy her claim
under the exemption law, and why an auditor should not be
appointed to make distribution. H. G. Beetem & Co. filed an
answer. The court held that the widow's claim was made
in time, but that she had no standing in court to take any of
the money, and, therefore, discharged the rule. From this
order the present appeal was taken.

The legal questions are, first, was her claim made in time ;
second, was she entitled to claim the " widow's exemption " out
of the real estate ; third, her demand for an appraisement having
been disregarded, was she entitled to $300, or so much thereof
as was necessary to make good the deficiency of the personal
property, out of the proceeds of sale.

1. The law fixes no time limit within which the claim for exemption, either under the act of 1849 or the act of 1851, shall be made. It must be made within a reasonable time after the right accrues, and an omission so to claim it is deemed a waiver, ·but what is a reasonable time must depend upon the circumstances of each particular case. To say that the right was forfeited in this case, because the claim was not made before inquisition, or before the issuing of the vend. ex. would be absurd. The right had not then accrued. The debtor's exemption allowed by the act of 1849 and the " widow's exemption" allowed by the act of 1851 are favored in law and are always allowed by the courts unless the claimant has been so negligent in asserting his or her claim that creditors and others are prejudiced thereby. Without evidence of the date of the death of her husband we cannot say that negligence is to be imputed to the widow because she did not make her claim until three days after the sheriff advertised. Under the circumstances of the particular case it appears to have been made within a reasonable time: Cornman's Appeal, 90 Pa. 254; Williams's Est., 141 Pa. 436 ; Snyder v. Schmick, 166 Pa. 429 ; Hart v. Hart, 167 Pa. 13.

2. A debtor's waiver of the right of exemption—a privilege personal to himself—does not affect the right of his widow or children to retain the property allowed to be set apart to them under the statute: Spencer's Appeal, 27 Pa. 218; City's Appeal, 109 Pa. 75. But, it is argued that where the property has been levied on prior to the death of the debtor, under a judgment containing a waiver, it is in the custody of the law, and, therefore, as to such property the widow is not entitled to claim the exemption. The argument is plausible, but the conclusion reached is so repugnant to the manifest purpose of the act of 1851 that the premises must be unsound. The levy did not divest the debtor's title to the property; after his death it belonged to his estate, subject, it is true, to the lien of the judgment and execution, but this was inferior to the widow's right. " The creditor might have divested his whole estate in his lifetime; but not having done so, the prospective provision in favor of the widow comes into operation and restricts his remedy so far as to prevent it from interfering with the right granted to her: " Spencer's Appeal, supra. This general principle would control the decision of the question, even in the

absence of a precedent showing its application to a case like the present. The precise question, however, was decided by the Supreme Court in a case where there was a levy upon personal property under a waiver judgment prior to the death of the debtor, and the right of the widow was sustained: Long v. Fickes, 32 Pitts. L. J. (O. S.) 92. See also McMullins's Est., 11 W. N. C. 562. The principle is the same whether the levy be upon real or personal property.

3. Is the fact that there was no appraisement of the real estate conclusive against her right to claim out of the proceeds? The widow's right to retain property of the deceased husband to the value of $300 is a right sub modo, to be asserted in the manner pointed out by the act: Detweiler's Appeal, 44 Pa. 243. It is a privilege to retain, and not an absolute transfer of, a part of the property: Kerns' Appeal, 120 Pa. 523. Ordinarily an appraisement is a sine qua non to the right to take property or the proceeds of its sale: Hufman's Appeal, 81 Pa. 329. But to this general rule there are exceptions, as for example, where the property consists of money in hand, or the like; for to appraise money is only to count it, and in such a case an appraisement is unnecessary: Larrison's Appeal, 36 Pa. 130; Bank's Appeal, 1 Mon. 463. So also in Good's Appeal, 152 Pa. 63, followed by us in Patton's Appeal, 5 Pa. Superior Ct. 57, it was held that if the widow makes a proper demand, and does what the law requires of her to obtain her exemption, she may claim it out of the fund arising from the judicial sale of the real estate although no appraisement thereof has been actually made. Now, whilst it is true that a levy made in the debtor's lifetime will not defeat the widow's right, yet it must also be conceded that the statute gives the sheriff no authority to cause the land thus levied upon to be appraised and to be set apart to the widow. It may also be questioned whether the administrator would have the right to do so where the first lien is for purchase money. Does it follow that the widow's right is lost in such a case? We think not, provided she is otherwise diligent in asserting it. In Hill v. Johnston, 29 Pa. 362, it was held that though a debtor might not enforce a demand for appraisement against a mortgage creditor proceeding by levari facias to a sale, yet he might come in upon the fund and claim his $300 as against judgment creditors who had taken no execution.

This was put upon the ground that the omission of the statute to point out the manner and form in which the claim in such case shall be made cannot annihilate the debtor's right. Later decisions would seem to show, that, as against the debtor, the waiver implied from the nature of the mortgage contract inures to the benefit of junior creditors, but none of them, as far as we have observed, questions the principle for which we cite the decision. Without further discussion of this branch of the case we conclude that a widow has a right to claim her exemption out of the real estate notwithstanding a levy made in her husband's lifetime, and as this case is now presented it is not clear that she has forfeited the right by any act or omission on her part. If, upon further hearing, it shall appear that she was not diligent in asserting her right, a different question will be presented.

4. We come then to a consideration of the main question. It is argued (and for this reason alone the court below discharged the rule) that in the distribution of the proceeds of the sheriff's sale the amount claimed by the widow must be treated as one fund, and the residue as a second, and, as the holder of the purchase money judgment has a lien on both, whilst H. G. Beetem & Co. have a lien on the second only, equity will compel the former to exhaust the exemption fund before he resorts to the other. In Hallman v. Hallman, 124 Pa. 347, Mr. Justice MITCHELL laid down three general rules as the result of a very thorough and critical examination of the authorities. We need consider the second only. It is as follows : " Secondly a waiver" (of the exemption) " as to any lien will enure to the benefit of subsequent liens, so far as to compel the waiver creditor to resort, first to the exempted fund; on the principle of the equity of creditors having one and two funds respectively under their control." It is just to enforce this equity against a debtor who has expressly waived the right to the exemption in favor of the prior lien creditor. For, whilst it is not a fraud per se for him thus to favor one creditor and not another, he may fairly be presumed to have had in view the equitable rule which governs in distributions and to have consented that it should be applied in his case. Having voluntarily created the conditions which make the rule applicable on distribution he cannot reasonably object to its being applied. The same may be true, where, instead of

a waiver judgment, he gives a mortgage which is prior to other liens.  He creates the lien by a form of security of his own choosing, and thus debars himself from claiming the exemption as against it, and, therefore, it may be said that he is in the same situation as if he had expressly waived the right.  See Miller's Appeal, 122 Pa. 95; Peebles's Est., 157 Pa. 605.  But, in the present case, we are asked to go a step further, and to say, that, if the first lien against the decedent's estate is for purchase money, the effect upon the widow's right to claim the exemption as against junior liens is the same as if she had expressly or impliedly waived it as against the first lien.  Although the lien of the purchase money judgment will not be impaired or affected, and although the supposed equity of the junior creditors arises out of nothing that she has done or omitted, and although she has neither expressly nor impliedly waived the right which the statute gives her, yet it is urged that it must give way to the liens of such creditors because of the principle that a party having two funds to satisfy his demand shall not, by his election, disappoint a party who has only one fund.  We think there is a substantial difference between the two cases.  In the case actually before us there is, on the one hand, a legal right which, for aught that the statute declares, she is entitled to have enforced subject to only one restriction, namely, that it "shall not affect or impair any lien for purchase money on such real estate," and on the other hand the claims of junior lien creditors whose title to preference rests wholly on an equitable rule which is never enforced to the prejudice of those who have an equal or superior equity against the debtor or the fund.  In such a conflict we think the latter should give way in order that the beneficent purpose of the statute may be carried out.  For while, as Mr. Justice MITCHELL says in Hallman v. Hallman, a debtor may not alter the established priority of liens, nor deprive a later creditor of his equity to have senior liens paid out of a fund that they can reach but he cannot, there is no limit to the power of the legislature.  The statutory exemption in the widow's favor is regarded as a preferred claim or gift of the law prompted by considerations of public policy: Peebles's Est., 157 Pa. 605.  It has been held over and over again that it should receive a construction favorable to the benevolent object of its enactment.  Keeping this general principle in view and

having regard to the restricted language of the proviso, we unhesitatingly conclude that the intention was to give her claim precedence to all liens except mortgages and liens for the purchase money of the land in question, provided that in making distribution in that manner the established priority of the liens is not disturbed. Liens for purchase money are protected by the express words of the act and mortgages by the nature of the mortgage contract. Her right cannot be asserted as against them. It would seem also that, upon distribution, she cannot compel their advancement to the displacement of earlier liens: Miller's Appeal, 122 Pa. 95; Huffort's Appeal, 10 W. N. C. 528; Hallman v. Hallman, supra. But in the present case the widow asks nothing which will disturb the established priority of liens, or will impair or affect in any way the purchase money lien. She will receive nothing until after it is paid. It seems unreasonable to conclude that her right can be defeated by later liens, when she has not by her own act or omission forfeited or waived it. To hold as contended by the appellees would be to annex a condition which the legislature has not seen fit to impose, namely, that if the land be subject to a lien for purchase money her right shall not be exercised so as to affect any of the liens. We do not think such construction would be warranted by the authorities or sound reasoning.

The decree is reversed at the cost of the appellees, the rule to show cause is reinstated, and a procedendo awarded.