## Elsasser's Estate.

*Decedent's estates—Widow's exemption—Delay—Insolvency.*

Where a widow takes out letters of administration on her husband's estate, which is insolvent, sells the property and accounts for part of the proceeds, and four years thereafter upon exceptions to her account, is surcharged with the proceeds of the sale of personal property not accounted for, she cannot then for the first time claim exemption out of the fund.

Argued May 11, 1901. Appeal, No. 103, April T., 1901, by Catharine Elsasser, from decree of O. C. Allegheny Co., May T., 1900, No. 55, dismissing exceptions to adjudication in Estate of Anton Elsasser, Deceased. Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

*Errors assigned* were in dismissing exceptions to adjudication.

*A. J. Barton,* for appellant.—This case is ruled by Atherton's Estate, 8 Kulp, 150.

*T. S. Parker,* for appellee, cited: Davis's App., 34 Pa. 256 ; Kerns's App., 120 Pa. 530 ; Machemer's App., 140 Pa. 545; Donoghue's Est., 25 W. N. C. 40 ; Hunt's Est., 11 W. N. C. 123 ; Somers's Est., 9 W. N. C. 559 ; Maier's Est., 1 Pearson, 420 ; Bourguignon's Est., 28 W. N. C. 315 ; Hufman's App., 81 Pa. 329 ; Dorscheimer's Est., 12 Pa. Superior Ct. 34.

PER CURIAM, July 25, 1901:

The decedent died in November, 1896, leaving real and personal property. A week later letters of administration were issued to his widow, the appellant. She sold the property and accounted for part of the proceeds. Upon exceptions to her account she was surcharged with the proceeds of the sale of personal property not accounted for, and upon distribution, in June, 1900, she for the first time claimed her exemption out of the fund. The estate is insolvent. In these circumstances we are of opinion that the claim was properly disallowed. As

was said in Hufman's Appeal, 81 Pa. 329, "She has not qualified herself, under the terms of the statute, to partake of this fund." This is clearly shown by the learned judge of the court below, upon whose opinion the decree is affirmed.