## Scott's Estate.

*Decedent's estate—Widow's exemption—Appraisement.*

Where a widow who is the sole executrix of her husband appoints appraisers for her exemption, and the appraisers set aside to her personal property amounting to only a small sum, and the balance " is appraised out of the real estate to be paid when sold," and thereafter the appraisement is confirmed absolutely, the decree of confirmation is conclusive and cannot be attacked in a proceeding before an auditor subsequently had to distribute the proceeds of the sale of the real estate.

*Executors and administrators—Commissions—Real estate.*

Where an executrix sells real estate for $1,005, for payment of debts and a portion of her exemption, commissions to the amount of $45 will be allowed.

Argued Oct. 21, 1901. Appeal, No. 5, March T., 1902, by Lehmaster Warehouse Company, from decree of O. C. Franklin Co., dismissing exceptions to auditor's report in Estate of Henry Scott, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to auditor's report.

From the record it appeared that Susan Scott was the widow and sole executrix of her husband, Henry Scott, appointed appraisers for her exemption. The appraisers, by their appraisement, set aside to the widow personal property to the amount of $66.10.

Immediately following the enumeration and valuation of the

articles, this appeared on the face of the appraisement, "The balance, to wit, $233.90 is appraised out of the real estate, to be paid when sold." Further on this return was made : "We, the undersigned appraisers, having been duly affirmed, went upon the premises and appraised the sum of $66.10 of the personal estate of decedent to Susan Scott, his widow, as shown by the list of articles and the appraised value hereto attached. We do further appraise the balance of the widow's exemption, to wit, the sum of $233.90, out of the real estate of the decedent to the said widow of Henry Scott, deceased, being the sum of $233.90 to Susan Scott, to be paid out of the real estate situate in Peters Township, etc., containing 54 acres." This appraisement was filed in court, August 22, 1899, and on September 22 following, this decree was entered: "No exceptions having been filed to this appraisement, the same is confirmed absolutely."

The real estate was subsequently sold for $1,005, and before the auditor appointed to distribute the proceeds thereof, objection was made to the payment of $233.90 to the widow and to her commissions of $45.00. The auditor allowed the claims, and exceptions to his report were overruled.

*Errors assigned* were in overruling exceptions to auditor's report.

*W. Rush Gillan* and *William S. Hoerner*, for appellant.— Two of the essential requirements are lacking to the appraisement of the real estate, first, it is not found that the land could not be divided ; second, the land was not appraised : Haufman's App., 81 Pa. 329; Kerns's App., 120 Pa. 523; Nixon's App., 6 W. N. C. 496; Torstenson's Est., 3 Pa. C. C. Rep. 13; Formad's Est., 14 Pa. C. C. Rep. 104; Andress's Est., 10 W. N. C. 52.

It is never too late to attack a judgment for want of jurisdiction: Fowler v. Eddy, 110 Pa. 117; Smith v. Wildman, 178 Pa. 245.

*W. K. Sharpe*, of *Sharpe & Elder*, with him *Gher & Gher*, for appellee.—This case is ruled by Thomas's Est., 152 Pa. 63.

The decree of confirmation fixes the widow's right to receive out of the proceeds of the sale of land $233.90. It cannot be assailed collaterally : Runyan's Appeal, 27 Pa. 121; Carr's Es-

tate, 35 W. N. C. 448; Greenawalt's Estate, 16 Pa. Superior
Ct. 263; Painter v. Henderson, 7 Pa. 48; Snively's Est., 129
Pa. 250; Smith v. Wildman, 178 Pa. 245.

OPINION BY RICE, P. J., November 11, 1901:

It has been said repeatedly that the right of the widow un-
der the act of 1851 " is a right sub modo to be asserted in the man-
ner pointed out by the act," and that ordinarily there must be
an appraisement. But as was said by WOODWARD, J., in Nottes's
Appeal, 45 Pa. 361, it is necessary, in dealing with the multi-
farious cases that arise under the widow's law and the exemp-
tion law to distinguish carefully between their respective facts,
and not to imagine similitudes where none exist. When the
court said in Hufman's Appeal, 81 Pa. 329, that the widow had
not qualified herself under the statute to participate in the dis-
tribution of the fund arising from the sale of real estate, and
that an appraisement was the sine qua non of such qualification,
the learned justice who delivered the opinion was speaking of
a case where the widow was administratrix and where she had
wholly neglected to have the real estate appraised. The omis-
sion to have an appraisement made was her own act, and it was
upon that ground that her claim was disallowed. If this is
not the true construction of the decision, it is not reconcila-
ble with the decision in Thomas's Estate, 152 Pa. 63, where it
was held that where a widow makes a demand for an appraise-
ment of real estate, she may claim her exemption out of the
fund arising from the sale of the same, although the adminis-
trator has neglected to have an appraisement made. See also
Bower's Estate, 17 Pa. Superior Ct. 59. Here the widow was
guilty of no laches; she elected to take her exemption out of
the personal and real estate of the decedent, and appointed ap-
praisers who were duly sworn and who attempted, to say the
least, to perform their legal duties. If she has lost her right it
is solely because the appraisement they made is so radically
defective that the decree of confirmation whereby she was
awarded the sum of $233.99, out of the real estate described is
a mere nullity. We do not think it can be so regarded. It is
an allowable inference from the return of the appraisers that
they ascertained that the land could not be divided without
prejudice to or spoiling the whole, in short that land could not

be set apart to her in satisfaction of her claim, and therefore they awarded to her a certain sum of money "to be paid out of the real estate," describing it. This we say is an allowable inference from the return which in the collateral proceeding in which the decree of confirmation was attacked arose to the dignity of a legal presumption. We therefore concur with the court below in the conclusion that the court had jurisdiction of the matter and its decree, until reversed, is conclusive upon all parties.

In view of the amount of the fund and the duties and responsibilities devolving upon the accountant, we are of opinion that the commissions charged by her were reasonable.

All the assignments of error are overruled, the decree is affirmed and the appeal dismissed at the costs of the appellants.