## Gillette's Estate.

*Decedents' estates — Widow's exemption — Appraisement — Sale of real estate.*

1. A widow of a decedent, acting as his administratrix, cannot wait until decedent's entire estate has been converted into cash by sale of the personalty and sale of his realty before making claim for her widow's exemption and be allowed the same out of the sale of the realty in an insolvent estate in preference to the creditors of the decedent.

2. Without an appraisement of the real estate, the widow cannot take as against creditors.

Petition for widow's exemption and distribution of balance in the hands of the administrator. O. C. Crawford Co., May T., 1925, No. 36.

*Donald C. Thompson*, for petitioner; *Thomas* and *Kiebort*, contra.

PRATHER, P. J., March 1, 1927.—Letters of administration were granted to Ida E. Gillette, as widow of the said Hoyt E. Gillette, on March 17, 1925. The personal property of said estate was duly appraised and sold for $85.

The estate was largely insolvent and, in addition to the personal property above named, consisted of a cottage and lot in Woodcock Township, which was encumbered by a mortgage of $700, while the unsecured indebtedness of said decedent amounted to over $1000.

Among said creditors was Park E. Wood, who began an action against said administrator at No. 1, September Term, 1925, in the Court of Common Pleas of Crawford County, and secured judgment thereon, May 27, 1925, for $382.62, with costs. No other claimants against said estate have begun any action upon their claims.

The balance in the hands of the administrator, as shown by her final account duly confirmed, is $285.43. The sole claimants against this fund are the said Park E. Wood, upon his said judgment, and Ida E. Gillette, for her widow's exemption.

On July 6, 1925, the said widow, Ida E. Gillette, as administratrix, presented her petition to the Orphans' Court of Crawford County, setting forth the indebtedness above referred to, praying for and securing an order of court to make sale of said real estate for the payment of debts.

On Aug. 3, 1925, she made return of the execution of said order, reporting the sale of said land, subject to the lien of said mortgage for $83.43. Before the confirmation thereof, application was made to court, at the instance of Park E. Wood, to have said sale set aside for inadequacy of price, and, on Sept. 8th, the purchaser, Alex McLaren, joined with the administratrix in agreeing that said prayer should be allowed, at which a decree was entered, setting aside said sale.

The property was again exposed to sale on Oct. 7, 1925, at which time it was sold to Park E. Wood for the price of $500, subject to the lien of said mortgage, which sale was reported to court and finally confirmed Nov. 12, 1925.

On Dec. 28, 1925, Ida E. Gillette presented her petition to court, making claim for her widow's exemption, therefore claiming $500 out of the funds in her hands produced by said sale.

She filed her final account on Jan. 9, 1926, showing a balance in her hands of $285.43, which account was finally confirmed March 11, 1926.

Park E. Wood and Ida E. Gillette are both claiming this fund, the first as a judgment creditor and the latter as and for her widow's exemption.

The legal question involved is whether the widow of a decedent, acting as his administratrix, may wait until decedent's entire estate has been converted into cash by sale of the personalty and sale of his realty before making claim for her widow's exemption and be allowed the same out of the proceeds of the sale of realty in an insolvent estate in preference to the creditors of said decedent.

The determination of this question requires the consideration of section 12 of the Fiduciaries Act of 1917, P. L. 447. This section, after providing that the widow of a decedent "may retain or claim either real or personal property, or the proceeds of either real or personal property" belonging to her husband's estate to the value of $500, continues: "The property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children. It shall be the duty of the executor or administrator of such decedent to have the said property, if personal, appraised and set apart to said widow or children by the appraisers appointed to appraise the other personal estate of the decedent, or, if real, then by two appraisers to be appointed by the Orphans' Court. . . . If said five hundred dollars, or any part thereof, shall be claimed out of money or the proceeds of real or personal property belonging to the estate, it shall be the duty of the executor or administrator to set apart to said widow or children the amount so claimed out of said money or out of the proceeds of said real or personal property after he shall have sold the same."

The provisions of this 12th section of the Fiduciaries Act are substantially the same as the Act of 1851, P. L. 612. The latter act is a codification of the earlier statutes relating to the same subject, and it is presumed that the legislature was familiar with the long line of decisions interpreting such former statutes, and, therefore, if there had been a legislative intention to change the law on the subject, such intention would have been clearly expressed. It is apparent, both by the language of the section quoted and the codifying notes supplied by the commission, that there was no intention to change the requirement of the earlier statutes with reference to the claim for exemption and the time within which said claim must be made and appraisement be had: Crawford's Estate, 81 Pa. Superior Ct. 222. It follows that the decisions upon the earlier statutes relating to the same subject-matter are controlling.

In Thomas's Estate, 152 Pa. 63, it was decided that, "if a widow makes a demand for an appraisement of real estate, she may claim her exemption out of the fund arising from the sale of the real estate, although no appraisement has been actually made thereof."

In Beetem & Co. v. Getz, 5 Pa. Superior Ct. 71, 76, the Superior Court held: "The widow's right to retain property of the deceased husband to the value of $300 is a right *sub modo*, to be asserted in the manner pointed out by the act: Detweiler's Appeal, 44 Pa. 243. It is a privilege to retain, and not an absolute transfer of, a part of the property: Kerns's Appeal, 120 Pa. 523. Ordinarily an appraisement is a *sine qua non* to the right to take property or the proceeds of its sale: Hufman's Appeal, 81 Pa. 329. But to this general rule there are exceptions, as, for example, where the property consists of money in hand, or the like; for to appraise money is only to count it, and in

Gillette's Estate.

such a case an appraisement is unnecessary: Larrison's Appeal, 36 Pa. 130; Bank's Appeal, 1 Mon. 463. So, also, in Good's Appeal, 152 Pa. 63, followed by us in Patton's Appeal, 5 Pa. Superior Ct. 57, it was held that, if the widow makes a proper demand and does what the law requires of her to obtain her exemption, she may claim it out of the fund arising from the judicial sale of the real estate, although no appraisement thereof has been actually made."

In Davis's Appeal, 34 Pa. 256, the Supreme Court held: "Without an appraisement, she (the widow) cannot take as a distributee as against creditors:" Baskin's Appeal, 38 Pa. 65.

In Hufman's Appeal, Margaret Hufman, widow of the decedent and administratrix of his estate, claimed and set apart to herself personal property amounting to $99.25, and, at the same time, claimed the balance of the allowance out of the real estate, but neglected to have a proper appraisement thereof made. Under these facts, the Supreme Court, adopting the doctrine in Davis's Appeal, 34 Pa. 256, held: "That a widow, by neglecting to demand an appraisement, waived her right entirely to the $300 allowed her by the Act of 1851."

In Sellers's Estate, 82 Pa. 153, 156, the Supreme Court held that the widow's demand for exemption must be made "before a sale of property." The demand to have the exemption set apart must be made before sale, Neff's Appeal, 21 Pa. 243; "and before the executor has incurred expenses in proceeding to effect a sale (Davis's Appeal, *supra*), or the expenses of a full administration," Williams's Appeal, 92 Pa. 69.

In Scott's Estate, 18 Pa. Superior Ct. 375, the Superior Court said: "When the court said in Hufman's Appeal, 81 Pa. 329, that the widow had not qualified herself under the statute to participate in the distribution of the fund arising from the sale of real estate, and that an appraisement was the *sine qua non* of such qualification, the learned justice who delivered the opinion was speaking of a case where the widow was administratrix and where she had wholly neglected to have the real estate appraised. The omission to have an appraisement made was her own act, and it was upon that ground that her claim was disallowed." See Elsasser's Estate, 17 Pa. Superior Ct. 622; Bower's Estate, 17 Pa. Superior Ct. 59, 65; Hollinger's Estate, 259 Pa. 72, 74.

While the language in section 12 of the Fiduciaries Act amplifies the procedure when real estate is claimed by the widow by requiring the court to appoint such appraisers, the latter act is quite as explicit as the former ones in requiring the appraisement of the real estate claimed as exemption, when this section provides that such widow may make a claim "out of money or the proceeds of real or personal property." It proceeds to say: "It shall be the duty of the executor or administrator to set apart to said widow or children the amount so claimed out of said money or out of the proceeds of the said real or personal property after he shall have sold the same."

When thus read together, the entire implication is that there must have been a claim for exemption to be allowed the widow prior to the creation of such proceeds by sale of the property specified.

It follows from the authorities cited that the widow's claim for exemption must be disallowed, and that the funds in the hands of the administratrix, as shown by her final account, should be awarded to the judgment creditor, Park E. Wood.

Now, March 1, 1927, widow's claim for exemption is disallowed, and the balance in the hands of the administratrix is awarded as follows: To Harriet P. Sterling, Clerk of Courts, costs incident to this proceeding, $3.50; balance to Park E. Wood, $281.93.

From J. Perry Eckels, Meadville, Pa.