## Bower's Estate.

*Decedents' estates—Widow's exemption.*

Where a decedent dies on May 26, his will is probated on June 4, and the widow makes her demand for exemption on June 22, and nothing has been done in the mean time except to have the personal property appraised, the widow's claim is not barred by laches.

Where a widow makes her demand for exemption in time, and such demand has been disregarded, and all the personal property has been sold after such demand, and it appears that the real estate has been devised to the executors, the orphans' court has jurisdiction over the claim, and while it will not award the widow an immediate payment in money, it will decree that the widow shall be paid the exemption, unless the executors shall in the mean time proceed to have an appraisement made in the mode provided by law.

Argued March 13, 1901. Appeal, No. 16, March T., 1901, by William Miles Bower and Clark M. Bower, from decree of O. C. Perry Co., ordering executors to pay widow's exemption. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Claim for widow's exemption.

The petition of Kate A. Bower set forth that she is the widow of Solomon Bower, late of Jackson township, Perry county, deceased, who died May 26, 1894, seized of several valuable farms and owning personal property which was appraised at $370.25, leaving a will which was probated June 4, 1894, in which he appointed William Miles Bower and Clark M. Bower his executors, to whom letters testamentary were issued June 4, 1894 ; that the executors have never filed an account; that shortly after the testator's death she made demand in writing upon the executors for the appraisement and setting aside of property to the value of $300 as her widow's exemption, and

60　　　　　　　　BOWER'S ESTATE.

Statement of Facts—Opinion of Court below. [17 Pa. Superior Ct.

that at about the same time a similar demand was made by her attorney upon the attorney for the executors; that this demand has been made repeatedly since, but that the executors have refused to comply with it. That prior to her marriage with Solomon Bower an antenuptial agreement was made between them, in which, however, was no provision as to her right to demand the widow's exemption of $300, which agreement has been lost or destroyed; that a dispute having arisen as to the effect of this lost agreement upon her right to the $300 exemption, a compromise agreement was effected by the attorneys for the parties, but that the executors having refused to perform their part of the agreement, she has recently abandoned it; and prays the court to grant a rule upon the executors to show cause why the exemption should not be allowed her.

BELL, P. J., filed the following opinion:

The provision made in the will for the widow—referred to by the executors in paragraph eight of their answer—is no bar to the right of said widow to claim $300 under the exemption law. In Peebles's Estate, 157 Pa. 605, it is held that her right is a "preferred claim or gift of the law," and that "a widow has a right to claim the exemption of $300 out of her husband's estate, although her husband by his will has directed that the legacy bequeathed to her shall be in lieu of dower and exemption, and the widow has elected to take under the will." Snider's Estate, 174 Pa. 620, cited by counsel for the executors, is not in conflict with the legal doctrine above stated. All that it does decide is that if the $300 is specifically bequeathed and an appraisement made under such bequest, the widow is not entitled to a second $300. Nor do we think that the widow has lost her right to the exemption either by failure to make demand in due time or by laches. As to her demand we find the facts as follows: W. N. Seibert, Esq., the then counsel for the widow, on June 21, 1894, prepared a written demand and, after telephoning the counsel for the executors that such demand would be made, mailed the paper to the widow. The appraisement was made on June 21, 1894. On the evening of that day the widow received the paper; the next day she served it on the executors. They disregarded it because they thought she was not entitled to the exemption if she elected to take under the will. The

appraisement was filed, after such demand served, on June 25, 1894. The sale of personal property was not made until some time after; the exact date of such sale does not appear; the sale list, however, was not filed until October 1, 1894. Bearing in mind the fact that the widow's claim is a "preferred" one, Peebles's Estate, 157 Pa. 605, and that a "waiver" of such right "should never be inferred from facts or circumstances that are susceptible of other reasonable explanation, and do not amount to a legal estoppel," we conclude that the demand was made in due time. True, such demand must be made within a reasonable time after the husband's death, but in the present instance it was made within such reasonable time. Solomon Bower died May 26, 1894; his will was probated June 4, 1894; the widow made demand on June 22, 1894.

At most, all that had been done prior to date of demand was to have the personal property appraised. Bryan's Estate, 4 Phila. 228, and Torstenson's Estate, 3 Pa. C. C. R. 15, are cited as ruling that a demand must be made prior to such appraisement. But said cases do not squarely decide any such thing. Judge Smyser in Bryan's Estate, seemingly decides that the widow's right was barred for several reasons, the principal one being that after having set apart to her only a portion of her exemption, she neglected to make any further claim. Judge Wickham, in Torstenson's Estate, refused to allow the exemption because the only demand averred was one made on the counsel for the estate.

In the present instance the demand was not delayed for several years, as in Burk v. Gleason, 46 Pa. 297; or until after sale of real estate for payment of debts, as in Neff's Appeal, 21 Pa. 243; or until after sale of the personal property, as in Williams's Appeal, 92 Pa. 70. The demand was made while the personal property was still intact, and at most the only expense the executors had incurred was the slight cost of appraisement.

The delay of the widow in pursuing her remedies is explained by the testimony of Mr. Seibert, her then counsel, wherein he states that it was agreed between himself and counsel for the executors that, unless the antenuptial agreement barred her claim, the executors would pay her the $300. Mr. Seibert in his testimony states that it was the expectation of all parties that the antenuptial agreement would be found; that the matter

was delayed for that reason; "the understanding between Mr. Sponsler and myself being that if the agreement deprived her of the $300 I would make no contention for it in court; if it did not, her exemption should be paid her without any proceedings to obtain it." Again, and we quote from the last page of the testimony, Mr. Seibert says : " And so we ceased discussing the $300 matter, pending the finding of the antenuptial agreement; it was clearly understood between Mr. Sponsler and myself that unless the antenuptial contract deprived her of the $300 she was to have it."

We quote this evidence of Mr. Seibert for a twofold purpose : first, as showing the reason for the delay; second as justification for now ordering the executors to pay the widow her exemption in money, without going through the form of an appraisement.

Some dicta doubtless may be found stating that an appraisement is a sine qua non; but no case, so far as we have examined, specifically so rules or decides. In Hufman's Appeal, 81 Pa. 329, the widow had made no demand for an appraisement, but in Thomas's Estate, 152 Pa. 64, where such a demand had been made, the widow was given her exemption in money, without an appraisement. In the present instance, the written notice did request an appraisement.

In the present case an appraisement at this time would be but a formal matter. The personal property has been sold; the bulk of the real estate was devised to the executors, and they were made paymasters to their sister for her share. Why then appraise the land so devised to them ? Would any result be attained other than to add to their burden the costs of the appraisers ? But unquestionably, the better practice, in ordinary cases, is to have an appraisement. We now decide such appraisement unnecessary under the peculiar facts of this case, which facts are as follows : Demand made and disregarded; personal property all sold after such demand; real estate devised to executors ; agreement on part of counsel for executors that the exemption should be paid in money, unless antenuptial agreement deprived the widow of the right.

Counsel for executors cite Compher v. Compher, 25 Pa. 31, as showing that the orphans' court has no jurisdiction, but that the remedy is by suit against the executors. But said case

was cited for a like purpose in Thomas's Estate, 152 Pa. 64, but was disregarded by the Supreme Court, who affirmed Judge RAYBURN in holding that the widow had a concurrent remedy in the orphans' court.

It may be questionable in what proportions the respective executors should pay. It may be that Clark M. Bower should pay a greater proportion than William Miles Bower. But if William Miles Bower received one third of the personal property fund, he should refund at least a portion of this. This matter of the respective proportions to be paid by the respective executors we think they should arrange between themselves. But, if they cannot, we will, if our attention is called to it in a proper manner, determine any disputes on this score on the return day of the order now made.

Now, July 25, 1900, rule absolute, and the executors of Solomon Bower are ordered to pay to Mrs. Kate A. Bower, widow of Solomon Bower, the sum of $300, together with interest on the same from May 26, 1896, out of the estate of her said husband, as her statutory exemption, before the first Monday in September, 1900. Said executors furthermore to pay the costs of these proceedings.

*Error assigned* was the decree of the court.

*J. S. M. Barnett*, of *Barnett & Son*, for appellants.—The widow is estopped from claiming the $300 by her accepting the provisions made for her in her husband's will : Tiernan v. Binns, 92 Pa. 248 ; Benedict v. Montgomery, 7 W. & S. 238 ; Peebles's Est., 157 Pa. 605 ; Bryan's Est., 4 Phila. 228 ; Torstenson's Est., 3 Pa. C. C. R. 13.

It is admitted by the executors that a demand for the exemption was made upon them in June, 1899, but this was too late : Burk v. Gleason, 46 Pa. 297 ; Kerns's App., 120 Pa. 523 ; Sellers's Est., 82 Pa. 153 ; Lawley's App., 20 W. N. C. 28 ; Donoghue's Est., 7 Pa. C. C. R. 320 ; Pratt's Est., 23 W. N. C. 543 ; Wallington's Est., 7 W. N. C. 488 ; Fox's Est., 5 Kulp, 218.

It was after the sale of the personal property : Williams's App., 92 Pa. 69.

The demand should have been made before the appraisement

of the personal property : Heller's Est., 2 W. N. C. 338 ; Maier's Est., 1 Pearson, 420.

The orphans' court was without jurisdiction : Thomas's Est., 152 Pa. 63 ; Neff's App., 21 Pa. 243 ; Hufman's App., 81 Pa. 329 ; Neely v. McCormick, 25 Pa. 255 ; Compher v. Compher, 25 Pa. 31 ; Weckerly's Est., 11 W. N. C. 287.

*Luke Baker*, for appellee, cited as to estoppel : Peebles's Est., 157 Pa. 605 ; Compher v. Compher, 25 Pa. 31 ; Machemer's Est., 140 Pa. 544 ; Snider's Est., 174 Pa. 620.

Cited as to laches in making demand : Cowan's Est., 184 Pa. 339 ; 1 Rhone's O. C. Practice, 295 ; Williams's App., 92 Pa. 69 ; Beetem & Co. v. Getz, 5 Pa. Superior Ct. 71 ; Williams's Est., 141 Pa. 437 ; Potter's Est., 6 Pa. Superior Ct. 627 ; Burk v. Gleason, 46 Pa. 297 ; Kern's App., 120 Pa. 523 ; McCann's Est., 9 Pa. C. C. R. 408 ; Lyman v. Byam, 38 Pa. 475.

Cited as to jurisdiction of the orphans' court: Whiteside v. Whiteside, 20 Pa. 473 ; Yocum v. Commercial Nat. Bank of Penna., 195 Pa. 411 ; Thomas's Estate, 152 Pa. 63 ; Gibson's Estate, 5 Pa. Superior Ct. 57 ; Peebles's Estate, 157 Pa. 605 ; 1 Rhone's O. C. Prac. 299 ; Compher v. Compher, 25 Pa. 31 ; Detweiler's Appeal, 44 Pa. 243 ; Torstenson's Estate, 3 Pa. C. C. R. 13 ; Beetem & Co. v. Getz, 5 Pa. Superior Ct. 71 ; Sellers's Estate, 82 Pa. 153.

OPINION BY RICE, P. J., April 16, 1901 :

In compliance with the rule of court the counsel for the appellants stated the question involved to be as follows : " Is the right of the widow to claim her exemption of $300 out of the estate of her deceased husband barred (*a*) by laches in making the demand ; (*b*) by estoppel." The court below correctly decided both branches of this question in the negative. The clear and convincing opinion of the learned president judge of the 24th district specially presiding, fully covers the ground, and renders discussion of these points by us unnecessary. We also concur with him in his conclusion as to the jurisdiction of the court to enforce the widow's claim. It seems to us that under the decisions of the Supreme Court in Thomas's Estate, 152 Pa. 63, and Peebles's Estate, 157 Pa. 605, this question is free from doubt, assuming, as the court has found upon ample

evidence, that she was not chargeable with laches in making her claim, or with supineness afterwards.   But it has been repeatedly held that the right of the widow "is a right sub modo, to be asserted in the manner pointed out by the act," and that ordinarily there must be an appraisement.   Hence, there is force in the suggestion, that, if she goes into the orphans' court to enforce her right, she is not in precisely the same position as if she were suing in a court of law to recover damages for the injury sustained by reason of the executor's refusal to comply with her demand.   This proceeding, primarily, is for the purpose of compelling them to perform their statutory duty, which, in the language of the statute, is "to have the said property appraised in the same manner as is provided in the act passed the 9th day of April in the year 1849."   Whilst it is true that at the time the widow presented her petition to the orphans' court there was no money or personal property which could have been set apart to her, there is real estate out of which she can have her exemption, in the mode pointed out by the statute.   But we are not convinced that under the law and the facts of this case she is entitled to a decree for the payment of her demand in money in the first instance, or that the promise of the executor's attorney to pay it in money is enforceable in this form of proceeding.   The case is not the same as if the land had been sold and the fund were in the hands of the executors for distribution.   Therefore, whilst fully concurring with the learned judge below upon the main questions in the case, we are of opinion that the decree should be modified in accordance with the foregoing suggestions.   And now, to wit: April, 1901, the decree of the court below is amended and modified by striking out the words, " before the first Monday of September, 1900," and substituting the words, " before the first Monday of June, 1901, unless the said executors shall in the mean time proceed to have an appraisement made in the mode provided by law," and as thus amended and modified the decree is affirmed; the costs of this appeal to be paid by the executors out of the funds of the estate.