## Thompson v. Petriello, Appellant.

*Appeals—Assignments of error—Evidence—Certificate.*

Where a paper-book for an appellant does not contain an index with the evidence as provided by rule XXIV, and the certificate of the judge required by rule VI, and the record itself shows that the stenographer's report of the testimony had not attached thereto the certificate of the trial judge as to its correctness, the appeal will be quashed.

Argued April 15, 1907.    Appeal, No. 207, April T., 1907, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1906, No. 213, on verdict for plaintiff in case of Robert W. Thompson v. Robert Petriello.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Appeal quashed.

Assumpsit on a contract.    Before REPPERT, P. J.

*Edward Campbell*, with him *R. P. Kennedy* and *R. W. Playford*, for appellant.

*W. J. Sturgis*, with him *H. A. Cottom*, for appellee.

PER CURIAM, May 13, 1907 :

In all cases where an appeal is taken from a judgment on a verdict our rules require the paper-book of the appellant to contain, inter alia, " an appendix containing the evidence, the pleadings in full and the certificate of the trial judge as hereinbefore provided : " Rule XXIV.    The reference is to the certificate prescribed by rule VI (where there is not a common-law bill of exceptions in the established form) that the notes of testimony, with the exceptions taken by counsel during the

trial and the charge, with the exceptions thereto, have been examined and approved by the judge and ordered to be filed. The appellee's counsel calls attention in his paper-book to the appellant's omission to comply with these rules, and in the same connection asserts that the appendix in the appellant's paper-book contains only " a digest of the testimony, omitting material parts thereof, and giving only the conclusion of appellant's counsel as to the effect of certain questions and answers, and omits the certificate of the official stenographer and the trial judge." The appellant's counsel concede that it is not a literal transcript of the stenographer's report of the testimony, but assert that although in many instances it is given in narrative form, instead of in the form of questions and answers as reported by the stenographer, the appendix contains the substance of all of the testimony. There is no reason to believe that this attempted condensation of the testimony was not made in good faith, but the fact remains, as we have seen, that there is a dispute as to its substantial accuracy in every material particular. There is no mode of deciding such a dispute except by laboriously and in detail comparing the notes of testimony as condensed and printed in the paper-book with the stenographer's report sent up with the record, and this is a burden which ought not to be put upon the court. These suggestions show the imperative necessity for rule XXIV and for its strict enforcement, unless, in exceptional cases, counsel agree otherwise, as for example, that only certain parts of the testimony need be printed. The objection in the present case goes not only to the paper-book, but to the record itself. For, upon examination thereof, we find that the stenographer's report of the testimony has not attached thereto the certificate of the trial judge as to its correctness. This is absolutely essential to make it part of the record, as has been decided in cases too numerous to cite. These defects were called attention to in the appellee's paper-book in time to have them corrected, and we are constrained to hold that the record is not in such shape, either as returned or as printed, as entitles the appellant to assign for error matters which depend for their correct determination upon the official report of the testimony and of the exceptions taken at the trial.

The appeal is quashed.