## Hildebrand's Estate.

*Decedents' estates—Widow's exemption—Direct inheritance tax— Act of June 7, 1917, P. L. 447, Sec. 12, and July 11, 1917, P. L. 832.*

The $500 widow's exemption granted by the Act of June 7, 1917, P. L. 447, is not subject to the direct inheritance tax imposed by the Act of July 11, 1917, P. L. 832, providing that "All estates ......passing from any person......either by will or under the intestate laws......are subject to the tax of $2 on every hundred dollars of the clear value of such estate."

Argued June 11, 1918. Appeal, No. 17, Jan. T., 1918, by Commonwealth of Pennsylvania from decree of O. C. Lancaster Co., October T., 1917, No. 7, sustaining appeal from appraisement in Estate of Isaac W. Hildebrand, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal from direct inheritance tax appraisement.

The facts appear from the following opinion by SMITH, P. J.:

"For the imposition and collection of certain inheritance taxes" an enactment was approved July 11, 1917, (P. L. 832). Concisely, it provides that, "All estates

......passing from any person......either by will or under the intestate laws of this Commonwealth...... are......subject to the tax of two ($2) dollars on every hundred dollars of the clear value of such estates." Because of this enactment the Commonwealth of Pennsylvania contends that the five-hundred-dollar exemption reserved for a widow by Section 12 of the Fiduciaries' Act of 1917, (P. L. 447) subject to the tax, and to accomplish its collection has included it in the prescribed appraisement, and from which this appeal has been taken.

Exemption acts have been conceived in a spirit favorable to widows and have received an interpretation consistent with their conception: Lyman v. Byam, 38 Pa. 475; Peeble's Est., 157 Pa. 605. Such an act creates an independent bounty, and is of no kin to one of distribution: Compher v. Compher, 25 Pa. 31; Nevins's App., 47 Pa. 230; King's App., 84 Pa. 345; Gilbert's Est., 227 Pa. 648; Buckland's Est., 239 Pa. 608.

The Commonwealth cannot prevail because the inheritance tax act does not authorize its action. It provides that only "clear value" of a decedent's estate is taxable, and the clear value of an estate is only that which remains after all claims against it have been paid. A widow's exemption is a "preferred claim," and, therefore, must first be met. It is a "gift of the law prompted by considerations of public policy": Beetem & Co. v. Getz, 5 Sup. Ct. 71; Peeble's Est., supra.

An estate that passes "either by will or under the intestate laws" is subject to the tax, but a widow's exemption is not such an estate. It does not come by either of these ways. It is neither a legacy or devise, nor an inheritance. Subject to a purchase-money lien it is preferred to all claims against an estate. By asserting it the amount of it ceases to be regarded as part of a decedent's estate. Against it a decedent's creditors, legatees, devisees or distributees cannot prevail: Peeble's Est., supra. The action of a widow properly claim-

ing it distinguishes it as her estate; which had been held in abeyance by her husband during his life. The act says it is something which she may "retain," thus pointedly implying ownership.

Such exemption is a wife's inchoate property right in a husband's estate, which becomes complete when as his widow she sustains her claim for it. It is not subject to the tax imposed on the estate passing from a deceased husband, therefore, the appeal is sustained and the appraisement for inheritance tax purposes is reformed by striking five hundred dollars from it. Costs to be paid by the Commonwealth.

The lower court sustained the appeal and reformed the appraisement by striking the sum of $500 therefrom. Commonwealth of Pennsylvania appealed.

*Error assigned* was decree of court.

*William H. Keller,* First Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, and *M. E. Musser,* for appellant.

*F. Lyman Windolph, O. S. Schaeffer* and *J. R. Kinzer,* for appellee, were relieved from argument by the court.

PER CURIAM, July 17, 1918:

This appeal is dismissed, at the costs of the Commonwealth, on the opinion of the learned court below disallowing its claim.