# Clark Estate.

*Decedents' estates—Widow's exemption—Delay—Remarriage—Minor's rights—Notice—Judgment in rem—Title—Act of June 4, 1883, P. L. 74.*

1. A widow must make her claim for exemption under the Act of June 4, 1883, P. L. 74, within one year of the death of her husband, and before she remarries.

2. An award of a widow's exemption is not void but only voidable, even though the record of the orphans' court shows the delay and remarriage.

3. An award of a widow's exemption should not be altered or vacated to the prejudice of an innocent third party, who gave value for a title founded on it; and this is so even though the application to alter or vacate is made by minors who were not notified of the proceedings.

4. The statutes relating to widow's exemption do not require notice to be given to those who may be affected by the award.

5. An award of a widow's exemption is a judgment in rem, which determines the status of the thing awarded, and is binding on all the world.

*Judgment—Judgment in rem—Parties.*

6. A judgment in rem is binding even upon those who are not parties to the litigation.

*Judgment—Void judgment—Collateral attack.*

7. A void judgment may be attacked collaterally but a voidable one cannot.

Argued October 5, 1922. Appeal, No. 100, Oct. T., 1922, by John E. Custer, from order of O. C. Somerset Co., No. 114½, 1906, making absolute rule to set aside appraisement, in estate of John J. Clark, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Rule to set aside appraisement for widow.    Before GILLAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Rule absolute.    John E. Custer, respondent, appealed.

*Error assigned,* inter alia, was order, quoting it.

*Charles H. Ealy,* of *Uhl & Ealy,* with him *C. L. Shaver,* for appellant.—The original decree should not have been vacated: Com. v. Powell, 51 Pa. 438; Shumate v. McGarity, 83 Pa. 38; Somers's Est., 9 W. N. C. 559; Hilt v. Walton, 3 W. N. C. 545; Davis's Est., 5 Pa. C. C. R. 505; Cierlinski v. Rys., 225 Pa. 312.

*William A. McGuire,* with him *Francis J. Kooser* and *Ernest O. Kooser,* for appellees, cited: Kern's App., 120 Pa. 523.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

John J. Clark died in 1901, intestate, leaving to survive him a widow and two minor children.   Five years later, the former presented a petition to the orphans' court, averring these facts, and also that she had since remarried, that no administration had been raised on decedent's estate, that all his debts had been paid, that he left no property except a small piece of real estate, and prayed the court, under the third section of the Act of June 4, 1883, P. L. 74, to appoint appraisers to value and set it apart to her on account of her widow's exemption. Appraisers were appointed, who valued it at $250, whereupon the court decreed the title thereto "be and remain vested in Lilie Dagutes [petitioner] and her heirs and assigns forever."

Two years thereafter she conveyed the property to Frank Yoder, who later conveyed it to John E. Custer, and the latter erected buildings on it at a cost of $3,000. Twelve years after its award to their mother, the children, who had recently arrived of age, presented a

petition to the court below, praying it to "set aside the appraisement, and reconsider, vacate and set aside the decree confirming the said real estate to the said Lilie Dagutes," because (1) the appraisement was greatly below its value, (2) their mother was not a widow at the time she filed her petition, which (3) should have been dismissed for the further reason that the delay in presenting it deprived her of all rights to the exemption. A "rule to show cause was awarded to be served on Lilie Dagutes, Frank Yoder and John E. Custer"; the latter answered setting up his title as above, and averring the court below was without power to grant the relief asked. Testimony was taken, which did not disclose fraud, collusion, or inadequacy of the appraised value; but the court below, on the record facts alone, made the rule absolute and set aside the award to Mrs. Dagutes, thereby destroying the foundation of the title in John E. Custer, who prosecutes this appeal.

It may now be considered as established by Kern's App., 120 Pa. 523, and Machemer's Est., 140 Pa. 544,— the earlier conflicting authorities being overruled therein,—that if there has been no sale of the property allotted to a widow, an award of exemption to her may be set aside, on due application, if she had remarried "before her election was made" or if there was "a delay of a year in claiming her exemption."

On the other hand, in Cierlinski v. Rys., 225 Pa. 312, where, as here, the facts of the delay and remarriage both appeared in the petition for the exemption, and the property awarded to the widow had been later sold by her, we said: "No want of jurisdiction appeared on the face of the record. The petitioner averred that she was the widow of the decedent and as such was entitled to the property claimed. This averment made it the duty of the orphans' court to take cognizance of and to decide her cause, and it was the only court that could hear and determine it. Although she set out a fact that raised a doubt as to the validity of her claim, she was neverthe-

less entitled to be heard. A finding as to that fact by a court having jurisdiction of the subject-matter, however erroneous, was conclusive in a collateral proceeding."

True, as there stated, the attack in that case was made collaterally; but the relevancy of the decision rests on the fact that it distinctly holds the decree of the orphans' court was voidable only and not void, though the delay and remarriage were both set out in the petition for the exemption. If it had been void, the collateral attack would have been both permissible and unanswerable, since these facts appeared in the record itself: Mehaffey v. Dobbs, 9 Watts 363; Simpson's Est., 253 Pa. 217; Nevin v. Catanach, 264 Pa. 523, 528.

So, also, in Reinstein's Est., 71 Pa. Superior Ct. 146, where the attack was direct, by a petition to open, vacate and set aside the award, the relief was refused,—although there had been a delay of twenty-two years in making the claim for exemption,—because the property had been sold by the widow after its award to her; the court saying: "The decree confirming the appraisement in this case was not void: it was voidable only, and the rights of these parties are to be determined upon equitable principles."

As, therefore, the decree in the instant case was voidable only, the usual rule applies, namely, it should not have been altered or vacated to the prejudice of an innocent third party who gave value for a title founded upon it (Crutcher v. Com., 6 Wh. 340; George's App., 12 Pa. 260, 262; Duffey v. Houtz, 105 Pa. 96); and this is so even though the application was made by minors who were not notified of the proceedings: Grindrod's Est., 140 Pa. 161. Indeed, the rule stated applies with greater strictness in this class of cases, for the confirmation by the orphans' court "was a judgment in rem which determined forever the status of a thing, and was binding on all the world. Afterwards it was the widow's property absolutely......She might......sell it or give it away": Runyan's App., 27 Pa. 121, 122; Buckland's

Est., 239 Pa. 608, 611. Hence, in the very nature of things, the title of an innocent purchaser of the res, on the faith of the decree in rem, should not be rendered valueless by the court which fixed that status, unless the record shows a lack of jurisdiction, which Cierlinski v. Rys., supra, definitely decides this does not.

The claim that the want of notice to the minors in some way affects the matter, is not only fully answered by the logic of what has already been said, and by the fact that in this class of cases notice is not required by the statute, but also by the rule of law that "it is fundamental, a judgment in rem binds all the world irrespective of whether the persons bound are or are not parties to the litigation": 15 Ruling Case Law 641; 23 Cyc. 1406; 2 Black on Judgments, section 794.

The order of the court below is reversed, the decree confirming the real estate to "Lilie Dagutes and her heirs and assigns forever" is reinstated, and appellees' petition is dismissed at their costs.