# William R. Jones, Appellant, *v*. East Fayette Coal Company.

*Assumpsit—Contracts — Wages — Judgment non obstante veredicto.*

In an action of assumpsit for wages where the plaintiff admitted receiving sums of money claimed, the entry of judgment non obstante veredicto will be sustained.

*Practice—Rules 45 and 55—Assignments of error.*

Rules 45 and 55 of the Superior Court covering the printing of the evidence and preparation of the record are mandatory, and assignments of error which are based upon the unprinted evidence cannot be considered.

Argued April 21, 1924.   Appeal, No. 6, April T., 1924, by plaintiff, from judgment of C. P. Fayette Co., Sept. T., 1920, No. 156, in favor of defendant non obstante veredicto, in the case of William R. Jones v. East Fayette Coal Company, Inc.   Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Appeal quashed.

Assumpsit for wages.   Before REPPERT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $780.

Defendant moved for judgment non obstante veredicto which was granted by the court below.   Plaintiff appealed.

*Error assigned* was the entry of judgment for the defendant notwithstanding the verdict.

*George B. Jeffries,* for appellant.

*Dean D. Sturgis,* and with him *W. J. Sturgis,* of *Sturgis & Sturgis,* for appellee.

PER CURIAM, July 2, 1924:

The only assignment of error complains of the entry of judgment for defendant notwithstanding the verdict. The action was assumpsit for wages. Plaintiff, in his statement of claim, averred that his cause of action was on a promise by defendant to pay him $120 per month from March 1, 1919, to December 1, 1919. Defendant, in its affidavit of defense, denied the agreement to pay, and averred also that plaintiff was unable to and did not perform any service during that period. On this issue there was a verdict for plaintiff and subsequently judgment n. o. v. was duly entered. We are asked to convict the court below of error in entering judgment for defendant on the whole record. Appellant did not print any of the evidence and the record contains no statement of facts agreed upon by the parties. Manifestly, in these circumstances, we have no mode of deciding the question before us. Rule 45 provides that the record shall consist, inter alia, of "so much of the evidence as is necessary to be considered by this court in passing upon the assignments of error." No attempt was made to comply with Rule 55, which permits the elimination from the record of evidence which has no relation to or connection with the questions raised by the assignments of error. These rules are mandatory: Snyder's Est., 279 Pa. 63. We are constrained to hold that the record is not in such shape as enables appellant to assign for error matters which depend for their correct determination upon the testimony: Thompson v. Petriello, 33 Pa. Superior Ct. 651.

But an examination of the record has convinced us that there is no merit in the appeal. In his history of the case, plaintiff admits that he received $120 a month during the period for which he claimed that his salary was due and unpaid. The opinion of the trial judge contains this statement: "It was admitted that he (plaintiff) was paid in full to March 1, 1919; that thereafter

he or his family received $120 per month until December 1, 1919."

The appeal is quashed.