## Murray Estate.

Argued November 19, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Samuel Lichtenfeld,* for appellant.

*Reuben Singer,* with him *Raymond S. Shortlidge,* for appellee.

OPINION BY RHODES, J., January 18, 1946:

This is an appeal from a decree of an orphans' court, and arises out of a widow's exemption.

James A. Murray died testate, leaving to survive him his widow, Bertha Murray. Letters testamentary were granted to Marjorie G. Paskins. The widow elected to

retain certain personal property which was set forth in an inventory and appraisement made by the appraisers appointed to appraise the other personal estate of the decedent. This was advertised by the register of wills in accordance with the rules of the Orphans' Court of Chester County. The decree of confirmation became final. Thereafter the widow had issued on petition a citation directed to the executrix to show cause why she should not pay or deliver to petitioner the goods and chattels adjudicated to be the property of petitioner as her widow's exemption by decree of the orphans' court confirming the appraisement of said property. Respondent, the executrix, in her answer, denied the right of the widow to the relief sought.

The matter was heard by the court, which by decree ordered that the executrix assign, transfer, and deliver to the widow the personal property adjudicated to her as and for her widow's exemption.

The executrix has appealed, and assigns as error only the entry of this decree.

Appellant states the question involved as follows: "Is a decree of court allowing a widow's exemption a valid judgment where the petition does not conform to the rules promulgated by the Supreme Court and no notice of the presentation of the claim for widow's exemption was served upon the executrix or her counsel?"

The only testimony printed in the record consists of one page, wherein appellant on re-direct examination testified that she had no notice from anyone prior to the issuance of the citation. Appellant did not print any of the other evidence, and the record contains no statement of facts agreed upon by the parties. There was no compliance with Rule 55 of this court, which provides for the elimination from the record of evidence which has no relation to or connection with the questions raised by the assignments of error. This rule requires that: ". . . appellant shall file in the court below, before he commences the printing of the record, a brief statement of

the questions he intends to argue on the appeal and of the evidence he does not intend to print, and shall serve copies thereof on appellee, together with a written notice that consent will be presumed if no objections are made within ten days thereafter, unless the court below, on cause shown, shall grant an extension of time. If objections are made, the court below shall forthwith fix a time for hearing them, and shall then decide the dispute in accordance with, and subject to the provisions of the Act of May 11, 1911, P. L. 279."

Appellee filed an answer objecting to the deletion of the record; and there is nothing to show that this dispute was decided by the lower court in accordance with the provisions of Rule 55. These rules are mandatory (*Snyder's Estate*, 279 Pa. 63, 123 A. 663), and we cannot therefore consider any matters which depend for their correct determination upon the evidence. *Jones v. East Fayette Coal Co.*, 83 Pa. Superior Ct. 341.

We might very well conclude this opinion by dismissing the appeal. Appellant admits that the appraisement was duly advertised by the register of wills, and that it was confirmed by the orphans' court. Her reliance in this appeal is on the contention that there was an absence of actual notice to her of the claim, and that the decree of confirmation is consequently void. Appellee in her brief asserts that the complete record would have indicated that appellant had actual notice. The opinion of the court below, disposing of the matter before it upon citation issued on petition of the widow, states that there is no evidence of the fact averred by appellant that she "had no actual knowledge that the widow's exemption had been appraised and confirmed." Disposition of such matters requires the evidence presented before the court below; and this the appellant has failed to provide.

But as we shall point out, appellant cannot prevail in this appeal in any event. The widow's claim for exemption is governed by the Act of June 7, 1917, P. L. 447, § 12 (a), as amended, 20 PS § 471. This section provides

that the widow may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to the estate of her deceased husband, whose estate is being settled within this Commonwealth, to the value of $500. This section also provides that: "It shall be the duty of the executor or administrator of such decedent to have the said property, if personal, appraised and set apart to said widow or children by the appraisers appointed to appraise the other personal estate of the decedent." Section 12 (d) of the Act of June 7, 1917, P. L. 447, 20 PS § 474, reads in part: "Upon due proof of compliance with such requirements as to notice, by advertisement or otherwise, as may be prescribed by the orphans' court of the proper county by general rule or otherwise, such court may enter a decree directing payment of the money, or confirming the appraisement of the personal or real estate chosen by said widow or children, and said appraisement, signed and certified by the appraisers and approved by the court, shall be filed among the records thereof." It will be noted that there is nothing in either section of the act relating to actual notice or as to what shall constitute notice of a widow's claim to the executor or administrator of the decedent. In the present case the personal property was set apart to the widow by the appraisers appointed to appraise the other personal estate of the decedent. The statutory duty thus imposed upon the executrix was fulfilled. Upon request it was her duty to act (*Compher v. Compher et al.*, 25 Pa. 31, 33; *Neely v. McCormick*, 25 Pa. 255) ; or she could have caused an inventory and appraisement to be made of decedent's goods amounting to $500 for the use of the widow before she had notice of appellee's claim, and the confirmation of the appraisement would have been conclusive (*Runyan's Appeal*, 27 Pa. 121). A presumption follows that the appraisers, who were duly sworn, acted at the direction of the executrix. And the record shows that the widow elected to retain property of the decedent

to the value of $500 for the use of herself and family. See *Kerns' Appeal,* 120 Pa. 523, 529, 14 A. 435. The widow may "retain or claim" personal property to the value of $500. See *Wraught Estate,* 347 Pa. 165, 169, 32 A. 2d 8. The policy of the law is to treat widows with every consideration of fairness and generosity; and her widow's exemption is not to be defeated by her failure to adhere to any technical or formal procedure as to demand or the presentation of her claim for personalty to the executor or administrator. No specific form of such demand is required;[1] it may be oral (*Cochran's Estate,* 28 Pa. Dist. R. 654, GEST, J.). It is to be distinguished from a petition for exemption or for the appointment of appraisers presented to the court. For refusal to comply with her demand to allow the property claimed to be appraised and set apart to her, a widow may bring an action against the executor or administrator (*Neely v. McCormick,* supra, 25 Pa. 255); or she may proceed to compel performance of the legal representative's statutory duty (*Bower's Estate,* 17 Pa. Superior Ct. 59, 65). Exemption acts have been conceived in a spirit favorable to widows, and have received an interpretation consistent with their conception; and the statutory exemption is a preferred claim or gift of law prompted by consideration of public policy. *Stauffer's Estate,* 89 Pa.

---

[1] A form of notice to the executor or administrator frequently used is as follows:

To .................... of the Estate of ....................
late of ................. in the County of ................ . and
State of Pennsylvania, Deceased.

I, ...................... Widow of said Deceased, do elect to retain hereinafter-mentioned Personal Property of said Deceased, to the value of Five Hundred Dollars, and request that the same be appraised and set apart, according to law.

(Widow signs here) ......................

This demand or notice is usually made a part of the widow's appraisement, and is followed by the oath of the appraisers, the inventory of the property elected to be retained by the widow, the certification and signatures of the appraisers, and the signed election of retention by the widow.

Superior Ct. 531, 535; *Bell's Estate,* 139 Pa. Superior Ct. 11, 14, 10 A. 2d 835; *Peebles's Estate,* 157 Pa. 605, 609, 27 A. 792. It is a wife's inchoate property right in a husband's estate, which becomes complete when, as his widow, she sustains her claim to it. *Hildebrand's Estate,* 262 Pa. 112, 114, 104 A. 866; *Davies' Estate,* 146 Pa. Superior Ct. 7, 13, 21 A. 2d 517.

Appellant also complains that the rules promulgated by our Supreme Court have not been followed. Section 5, Rule 1, of the Orphans' Court Rules, 345 Pa. lxiii, relates to notice generally. Section 12, Rule 1, 345 Pa. lxx, deals specifically with widows' exemptions, and provides: "(b) The manner of appraising the property, of filing and confirming the appraisal, and of advertising or giving notice thereof shall be prescribed by local rules." The objections as to the form of the petition and the method of making claim for exemption are entirely without merit in the present proceeding.

Appellee contends that appellant merely attempts to collaterally impeach the decree of confirmation. The confirmation of an appraisement for widow's exemption is a judgment in rem, and ordinarily may be set aside only by direct attack on the decree of confirmation. *Runyan's Appeal,* 27 Pa. 121; *Scott's Estate,* 18 Pa. Superior Ct. 375; 2 Pa. Orphans' Court Commonplace Book, Hunter, p. 1403. Where statutory notice is indispensably necessary to give jurisdiction, a decree of the court in the absence of such notice is void. *Shugars's Estate,* 312 Pa. 472, 476, 167 A. 567. That is not the situation in the case at bar. There was a compliance with the requirements of the rules of court as to advertisement of the appraisement. The record shows that appellee elected to retain the property of deceased for her use as provided by section 12 (a) of the Act of June 7, 1917, P. L. 447, 20 PS § 471, and the appraisers, by whom it was the duty of executrix (appellant) to have the property elected to be retained by the widow (appellee) appraised, did appraise and set apart to appellee as widow the personal property constituting her ex-

emption. With these facts in the record, the court below was not obliged to set aside the decree of confirmation on the mere averment and declaration of appellant that she had no notice of the claim when, upon request or notice by the widow, appellant would have been obliged by statute to do that which she presumptively did. Both appellant, as executrix, and her appraisers are presumed to have complied with the law. Under the circumstances, the decree of confirmation could be no more than voidable; it was not void. A void decree can be taken advantage of at any time in any court, but a voidable decree must be attacked directly in the proceeding in which it is entered, and is not subject to collateral attack. *Cierlinski v. Rys et al.*, 225 Pa. 312, 74 A. 172.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of appellant.