## Bratton Estate

*John M. Urey*, for widow.

*Chase & Swoope*, for claimant.

BELL, P. J., July 19, 1950.—John Bratton died October 19, 1921, leaving a widow and five sons: Milford, Homer, Roy, Harvey and James. His will was not offered for probate until September 30, 1936, at which time Homer and Harvey had both died, leaving widows and children. Under the will of John W. Bratton, the personal property was given to his wife, Jennie, for her necessities; and at her death certain bequests were made, among which was that the Bratton homestead should go to Harvey Bratton at the price of $2,500. Certain charges for advances made to several of the other sons were stated.

He named Milford Bratton, Roy Bratton, Harvey Bratton and James Bratton as executors. Milford Bratton and Roy Bratton renounced, and letters were issued to James Bratton. Nothing further was done in the estate until September 19, 1940, when a citation was issued upon the executor to file an account. An answer was filed. Later the citation was withdrawn. On September 21, 1942, one of the heirs of Homer Bratton filed a second citation to show cause why an account should not be filed. An account was filed November 19, 1942, which shows a balance for distribution of $1,942.95. Exceptions were taken and then withdrawn. In January 1943 citation was issued to show cause why the executor should not be removed; and on July 19, 1944, James E. Bratton resigned as

executor, which resignation was accepted, and the executor directed to turn over the $1,942.95 to his successor. Letters of administration d. b. n. c. t. a. were then issued to Howard McGarvey, who was authorized to accept the $1,942.95 in payments of $50 a month from the former executor.

Mr. McGarvey filed an account showing a total of $2,045 received and $1,872.75 for distribution, and requested that the court appoint an auditor. D. Edward Chaplin was appointed and then Dan P. Arnold as a substitute. The auditor's hearing was held and it was found Harvey Bratton died in December 1934, being survived by his widow and five daughters, he having been married twice. There was awarded to the Harvey Bratton estate $463.12. This was confirmed absolutely on February 20, 1950.

On March 2, 1950, petition was presented in behalf of Mrs. Frances Bratton, the widow of Harvey Bratton, which avers that Harvey Bratton died December 16, 1934, and that she was a member of decedent's household at the time of his death; that no letters of administration were ever issued in the estate, and the $463.12 was claimed as widow's exemption. The Madera National Bank thereupon filed a petition averring that the bank was a creditor of the estate of Harvey Bratton, and that had the fiduciaries in charge of the John W. Bratton estate performed their duties, there would have been sufficient, in addition to the widow's exemption, to have paid the same and all indebtedness; and that the bank, as a creditor of the Harvey Bratton estate, was without any legal redress to compel an administration of the John W. Bratton estate; but that the widow, through her neglect, had allowed the assets to be dissipated. Rule was asked to show cause why the widow's exemption should not be barred

by laches. It is also complained that no notice was given and that the Act of 1949 would not apply to widow's exemption, which came into being in 1934. To this an answer was filed in which it was pointed out that the note of Harvey Bratton, dated March 16, 1932, in the amount of $400, was presented at the audit. Counsel for Mrs. Harvey Bratton contend that the charge of laches and neglect on the part of the widow applies equally to the Madera National Bank, the creditor. It is not disputed that Mrs. Frances Bratton is the widow of Harvey G. Bratton; the only question before the court is whether she has lost her rights to participate through laches, and whether the law in effect at the time a claim is made or the law at the time of the death applies; though it makes little difference in this case, as the amount involved does not exceed that allowed by the Act of 1917, and Harvey Bratton died in 1934. The Act of June 7, 1917, P. L. 447, allowed the widow or children an exemption of $500, payable before all other claims. The Act of April 18, 1949, P. L. 512, changes the law to read that the spouse of any decedent, and if none, or he or she has forfeited their rights, then such children as form a part of the decedent's household may retain and claim as exemption and as a reasonable requirement for support during the settlement of the estate, either real or personal property, or both, to the amount of $750. The comment of the committee points out that the words "as part of the family" have been changed to read "part of the decedent's household". The words "requirement for support during the settlement of the estate" were added to take advantage of the internal revenue laws. Section 212 provides that any party entitled to exemption may, with or without an appraisement, on such notice as the court directs, control the distribution. It is not disputed that Mrs. Bratton

was living with her husband at the time of his death, so was part of the household.

As to the failure to give notice, the Supreme Court rules require such notice as is prescribed by the local rules. Clearfield County Orphans' Court Rule 3, sec. 2, provides notice shall be given by registered mail to the personal representatives. Here there were none. Where the award is made in cash section 4 provides it cannot be confirmed until notice is given to all interested parties; but section 5 provides that where the entire estate is less than $500 this wouldn't be necessary. As this amount is less than $500, and as the Madera National Bank has had notice and filed exceptions, they are not harmed by a violation, if any, of the rule as to notice; and admitting that this widow was a part of the household, this case would rest upon whether she had lost her right to claim the exemption, by laches. There are some cases so holding, but the majority of cases, particularly those of more recent years, have held that a widow's exemption would be allowed if made within a reasonable time after the right accrues; and what amounts to a reasonable time depends upon the circumstances of each case.

In Davies' Estate, 146 Pa. Superior Ct. 7, the court said on page 13:

"The question of laches is determined on equitable principles and the widow's rights should only be defeated when it clearly appears that under all the attending circumstances she failed to exercise due diligence and that her delay was prejudicial to others."

In that case the rights of a creditor were involved, and the court said on page 14:

"The delay in the granting of letters of administration was as much the fault of the judgment creditor as the widow."

While this delay was for an unusual period of time, and undoubtedly the assets of John W. Bratton have been allowed to be dissipated by his heirs, the Madera National Bank as a creditor of Harvey Bratton, could have had letters taken out in his estate and compelled that fiduciary to move in the father's estate. There is no delay which would amount to an estoppel in this case.

In Murray Estate, 158 Pa. Superior Ct. 504, the court said on page 509:

"The policy of the law is to treat widows with every consideration of fairness and generosity; and her widow's exemption is not to be defeated by her failure to adhere to any technical or formal procedure as to demand or the presentation of her claim for personalty to the executor or administrator. No specific form of such demand is required; it may be oral."

On page 508 it is said:

"It will be noted that there is nothing in either section of the act relating to actual notice or as to what shall constitute notice of a widow's claim to the executor or administrator of the decedent."

See also Bell's Estate, 139 Pa. Superior Ct. 11; Katz's Estate, 49 D. & C. 215, and McCarter's Estate, 36 D. & C. 625.

For the reasons given in the foregoing opinion we find that Mrs. Frances Bratton has not lost her right to claim the exemption in the estate of her husband, and the award to her of the same will be confirmed.

We will make the following

### Order

Now, July 19, 1950, for the reasons given in the foregoing opinion, the rule to show cause why Mrs. Frances Bratton should not be barred from claiming the family exemption in the estate of her husband, Harvey Bratton, out of the assets in the hand of the ad-

ministrator d. b. n. c. t. a. of the estate of John W. Bratton, she having made claim promptly after it was determined that a specific sum was due, is dismissed.